A97A1924. POLLARD v. THE STATE.
(495 SE2d 629)

Judge Harold R. Banke.

Charles S. Pollard was tried for kidnapping with bodily injuries, aggravated assault, aggravated battery, rape, and burglary. The jury acquitted him on all charges except aggravated battery. Enumerating eight errors, Pollard appeals.

On appeal, the evidence must be viewed in a light most favorable to the verdict, and Pollard no longer enjoys the presumption of innocence. *Dolphus v. State*, 218 Ga. App. 565, 566 (462 SE2d 453) (1995). The evidence, when viewed in that manner, shows that this case arose from a domestic dispute between Pollard and the victim. According to the victim, Pollard, her former boyfriend, was obsessive, possessive, jealous, and controlling. She described past incidents of abuse where Pollard violently inflicted head and back injuries as he pushed, shoved and slapped her. After their relationship deteriorated, Pollard appeared without warning at her home. When the victim refused to leave with him, he grabbed her, struck her across the face five times and dragged her outside. During the ensuing struggle, Pollard inflicted repeated blows to her face. After forcing her into her vehicle, Pollard threatened to kill both her and her young daughter with a large steak knife. At some point, according to the victim, Pollard raped her at knifepoint in a wooded area near a reservoir.

Photographs of the victim's facial injuries taken at the hospital emergency room were introduced in evidence. The victim's treating physician described her injuries as a nasal fracture with an "extremely deviated" septum. He testified that a great deal of force

was required to have inflicted such a traumatic blow. He also described the bruising that appeared under each of her eyelids.

Pollard admitted striking the victim once in the nose and admitted observing a bruise appear on the bridge of her nose shortly afterwards. Pollard described the blow as an "instinct shot" and asserted that he did not intend to break her nose. According to Pollard, the sexual intercourse was consensual. He claimed that on several prior occasions, they had reconciled after fighting by becoming sexually intimate. *Held*:

1. Pollard's contention that the verdict was against the weight of the evidence is without merit. The pertinent essential elements of the offense of aggravated battery are: (1) maliciously causing bodily harm to another, (2) by seriously disfiguring another's body. OCGA § 16-5-24 (a). The State's evidence showed that Pollard struck the victim in the face with such force that the blow fractured her nose. The victim's testimony that Pollard broke her nose was corroborated by the testimony of the treating physician and contemporaneous photographs of her facial injuries. In light of this evidence a rational trier of fact could have found Pollard guilty of aggravated battery within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We reject Pollard's assertion that the jury's verdict was internally inconsistent when viewed in context with the jury's acquittals on the other charges. In light of the abolition of the inconsistent verdict rule in criminal cases in *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986), the sole question is whether the evidence was sufficient within the meaning of *Jackson v. Virginia*, supra. *White v. State*, 268 Ga. 28, 29 (1) (486 SE2d 338) (1997). The evidence, as summarized in Division 1, was sufficient to meet that standard.

3. We reject Pollard's claim that the court's charge on justification was vague and confusing. Pollard contends that the instruction was defective because, although it was a correct statement of law, it was juxtaposed between a charge on circumstantial evidence and one on rape. A jury charge must be considered as a whole and the parts read in conjunction with each other. *Leigner v. State*, 213 Ga. App. 871, 872 (3) (446 SE2d 770) (1994). When viewed in its entirety, it is apparent that the trial court properly instructed the jury. See id.

4. In four enumerations of error, Pollard contends for the first time that he was denied effective assistance of trial counsel.[1] Where, as here, the record is sufficient, remand is unnecessary and we may decide the ineffectiveness issue. *McClain v. State*, 226 Ga. App. 714,

---

[1] In an amended motion for new trial, Pollard raised the ineffectiveness issue. However, the record does not indicate that the trial court ever ruled on that issue.

719 (5) (487 SE2d 471) (1997). See *Elrod v. State*, 222 Ga. App. 704, 705 (475 SE2d 710) (1996).

In order to establish ineffectiveness under *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984), Pollard must show not only that his trial counsel's performance was deficient but also that the deficient performance prejudiced his defense. *Stephens v. State*, 265 Ga. 120, 121 (2) (453 SE2d 443) (1995). Absent a showing of prejudice, no inquiry need be made into counsel's alleged deficiency. *Trammel v. State*, 265 Ga. 156 (1) (454 SE2d 501) (1995).

Pollard alleges four purported failures by counsel: (1) to move for a directed verdict on the aggravated battery count, (2) to explore the possibility or likelihood that the victim sustained her broken nose after Pollard left, (3) to obtain timely photographs of Pollard to show that the victim inflicted injuries on him, and (4) to search for and find two possible witnesses who came upon the victim and Pollard near the reservoir.[2] Having determined that the evidence was sufficient to sustain Pollard's conviction within the meaning of *Jackson v. Virginia*, 443 U. S. at 319, it necessarily follows that a motion for directed verdict would have been unavailing. *Hogan v. State*, 210 Ga. App. 122, 123 (1) (435 SE2d 494) (1993). As to the possibility that someone else broke the victim's nose, both the victim and Pollard testified that it was Pollard who hit her. Pollard even admitted seeing a bruise on her nose almost immediately. As to possible photographs of injuries the victim purportedly inflicted on Pollard, the record does not show that trial counsel had been appointed at a time when she could have obtained such photographs. Finally, it is undisputed that these two purported witnesses were not present when Pollard struck the victim. Under the circumstances, it is apparent that Pollard cannot establish the requisite deficiency or prejudice. *Stephens*, 265 Ga. at 121 (2).

5. Pollard contends that the sentence imposed was unduly harsh and reflected the trial court's belief that he was guilty of the other crimes for which he had been acquitted.[3] A determinate sentence which falls within statutorily mandated parameters is not subject to attack on Eighth Amendment grounds. *Stuart v. State*, 117 Ga. App. 183, 184 (3) (160 SE2d 409) (1968). The trial court sentenced Pollard to serve 15 years, within the permissible statutory time period. Moreover, any sentence which is challenged as excessive and yet falls

---

[2] In his appellate brief, counsel observes, "Let it first be noted that trial counsel . . . was not ineffective in her presentation of the overall case. Quite the contrary, she so effectively presented her client's case that he was acquitted of all the apparently 'major' crimes with which he was charged."

[3] In sentencing Pollard, the trial court observed, "I say to you, Mr. Pollard, that you ought to consider yourself a very lucky individual in that this jury did in fact find you not guilty on all of the counts with the exception of one."

within the legal limits should be addressed to the sentence review panel as provided by OCGA § 17-10-6. *Hill v. State*, 212 Ga. App. 386, 390 (7) (441 SE2d 863) (1994).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED JANUARY 14, 1998.

*Walker L. Chandler*, for appellant.

*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney*, for appellee.