A98A2025. TURNER v. THE STATE.
(508 SE2d 786)

BLACKBURN, Judge.
Samuel A. Turner appeals his convictions for a stop sign violation and for driving under the influence of alcohol, following jury

trial, contending that the trial court committed a reversible error by failing to give the jury limiting instructions contemporaneously with the introduction of similar transaction evidence. For the reasons set forth below, we affirm.

The issues of the giving of a limiting instruction in connection with similar transaction evidence, the necessity of the defendant requesting such charge in writing, and the timing of the giving of a limiting charge where required, have been before the appellate courts in numerous cases recently.

Our Supreme Court's recent decisions in *State v. Belt*, 269 Ga. 763 (505 SE2d 1) (1998) (*Belt II*) and *State v. Hinson*, 269 Ga. 862 (506 SE2d 870) (1998) (*Hinson II*), addressed issues related to limiting instructions and similar transactions. In *Belt v. State*, 227 Ga. App. 425 (1) (489 SE2d 157) (1997) (*Belt I*), no limiting instruction was requested by the defendant or given by the trial court. The Court of Appeals reversed, stating that a limiting instruction must be given by the trial court even absent a written request by the defendant, and further provided that the better practice would be for the trial court to give such charge at the time the evidence is introduced.

In *Hinson v. State*, 229 Ga. App. 840, 842 (3) (494 SE2d 693) (1997) (*Hinson I*), the Court of Appeals reversed, holding that even though the trial court gave a limiting instruction during its general charge, "the trial court committed reversible error in failing to give, sua sponte, a limiting instruction *contemporaneous with the admission* of extrinsic acts or similar crimes evidence." (Emphasis supplied.) *Hinson I* purported to be controlled by *Belt I*, but, in fact, made compulsory, that which was recommended in *Belt I*.

Our Supreme Court granted certiorari in both these cases. In *Belt II*, the Supreme Court held that it is not reversible error for a trial court not to instruct a jury at any time that similar transaction evidence admitted for a limited purpose must be considered only for that limited purpose, absent a proper written request by a defendant for such charge. The Supreme Court further noted however, "that, although a trial judge is not required in the absence of a request to give a limiting instruction when similar transaction evidence is admitted, it would be better for the trial judge to do so." *Belt II*, supra at 765.

In *Hinson II*, our Supreme Court held that "the Court of Appeals erred in requiring that a trial court give a contemporaneous limiting instruction *without request*. Regardless of when the defendant wishes the jury instructed on the limited admissibility of similar transaction evidence, it is incumbent upon him to make a timely request to the trial court for such a charge." (Emphasis supplied.) *Hinson II*, supra at 862.

Neither *Belt II* nor *Hinson II* specifically answer the question of

whether the trial court is required to give a limiting instruction at the time the similar transaction evidence is introduced where timely and properly requested, rather than as a part of the closing charge.

Here, Turner requested a limiting instruction just after the admission of the similar transaction evidence. Turner stated: "Judge, we would at this time and, as a matter of fact, insist upon curative instructions as to the last two witnesses so the jury clearly understands the purpose of the witnesses, what they testified to, and what they can do and what they can't do with that [evidence]." Turner did not, however, explicitly request that the instruction be given immediately, and he did not object when the judge advised him that he would wait to give the instruction as part of the closing charge to the jury. While Turner requested a limiting instruction, his failure to explicitly request that it be given upon the introduction of the subject evidence, or to renew such request upon the trial judge's statement of his intention to give the requested charge as a part of the general charge, waived any right to have the charge given at the time of the introduction of the evidence. We do not therefore address whether or not he would have been entitled to have such limiting instruction given at the time the evidence was introduced absent his waiver of any such right, as such issue is not before us. Based on *Belt II* and *Hinson II*, it was not reversible error for the trial court to wait and give its instruction on the limited use of similar transaction evidence in its closing charge to the jury where Turner failed to explicitly request that the limiting instruction be given contemporaneously and otherwise waived any such right.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 6, 1998 —
RECONSIDERATION DENIED NOVEMBER 18, 1998.

*Robert A. Meier IV, Thomas L. Burton,* for appellant.
*Keith C. Martin, Solicitor, Evelyn Proctor, Assistant Solicitor,* for appellee.