A98A2140. QUEZADA v. THE STATE.
(512 SE2d 401)

BLACKBURN, Judge.

Luis Serrano Quezada appeals his conviction of trafficking in methamphetamine contending that the trial court erred in admitting evidence of a similar transaction and that the evidence was insufficient to support the verdict. For the reasons discussed below, we affirm Quezada's conviction.

1. Quezada contends that the trial court erred in admitting evi-

dence of a similar transaction because there was insufficient evidence to establish that he committed the similar transaction and that there was insufficient similarity between the previous act and the present crime charged.

"It is universally recognized on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible. However, if the evidence is substantially relevant for some other purpose than to show a probability that the defendant committed the crime on trial because he is a man of criminal character, it is admissible even if it incidentally puts the defendant's character in issue. To render evidence of another crime admissible, two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. *Williams v. State*, [261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991)] and Uniform Superior Court Rule 31.3 additionally require the court to find that the evidence will be introduced for an appropriate purpose and not to raise an improper inference as to the accused's character." (Punctuation, emphasis, and footnotes omitted.) *Evans v. State*, 235 Ga. App. 577, 579 (510 SE2d 313) (1998). Additionally, the trial court's determination regarding whether the extrinsic crime was sufficiently similar to the present crime charged will not be disturbed unless clearly erroneous. See id.

The State proffered that, in the similar transaction case, Quezada was arrested while he waited in the passenger seat of a car with almost twenty-seven grams of methamphetamine and a small amount of marijuana at his feet, while another person went into a house in Cherokee County to sell approximately five pounds of marijuana. The State proffered that in the present case, Quezada was driven into Cherokee County where he went into a confidential informant's house to sell methamphetamine where he was arrested for possession of methamphetamine with intent to distribute.

The State contends that the cases are very similar because in each case, another person drove Quezada to the "buy-bust" location. The State sought to submit the similar transaction evidence to show identity because when Quezada was arrested in the similar transaction case, he had his passport and resident alien card on his person. The State also submitted that the similar transaction showed a similar scheme, in that Quezada obtains large quantities of drugs and distributes them in Cherokee County. The trial court allowed the similar transaction evidence to be admitted stating that although there were some differences, there were also marked similarities.

The trial court also noted that the evidence was not needed for identity but would be admissible to negate the possible defense of entrapment. The trial court stated if such issue was raised, it could be admitted in rebuttal. Therefore, as the trial court recognized, the similar transaction evidence was not properly admissible for rebuttal, absent an entrapment issue.

During the 31.3 (B) hearing the trial court did not state the purpose for which the similar transaction evidence was being allowed. The better practice is to specifically enumerate the basis for allowance of similar transaction evidence in order to enable the defendant to properly object to the allowance of such evidence. In its jury charge, the trial court stated that the similar transaction evidence was admissible to establish the identity and state of mind of the defendant. There was eyewitness identification of the defendant in this case. As the trial court stated in discussing a particular item of evidence, "you can use it in rebuttal if [defendant] makes an issue of it, but I don't see the point of putting it in there unless he disputes the identification." There was no proper identification issue in this case which would authorize similar transaction evidence.

The similar transaction evidence was properly admissible, however, to demonstrate Quezada's state of mind at the time of the crime. Therefore, as there was a proper purpose for the admission of the similar transaction evidence, we need only look to whether it was sufficiently similar.

"The issue of admissibility of extrinsic transactions has never been one of mere similarity. It is, rather, relevance to the issues in the trial of the case. Depending upon the purpose for which the extrinsic evidence is offered, e.g., where similar transaction evidence is offered to prove identity, the state may be required to prove a high degree of similarity between relevant characteristics of the extrinsic offenses and the charged crimes, or it may only have the burden of showing a logical connection between crimes which are essentially dissimilar. When similar transaction evidence is being introduced to prove motive, intent, or bent of mind, it requires a lesser degree of similarity to meet the test of admissibility than when such evidence is being introduced to prove identity." (Punctuation and emphasis omitted.) *Mangham v. State*, 234 Ga. App. 567, 569 (1) (507 SE2d 806) (1998).

Upon Quezada's timely request, the trial court properly gave a limiting instruction at the time the similar transaction was admitted and at the close of the case with the general charge. Cf. *Turner v. State*, 235 Ga. App. 331 (508 SE2d 786) (1998).

The proffer of evidence established that Quezada committed the similar transaction, in that he was in possession of twenty-seven grams of methamphetamine while an accomplice was conducting the

sale of almost five pounds of marijuana. In the present case, Quezada was in possession of 282 grams of methamphetamine with the intent to distribute in the presence of an accomplice. On appeal, we focus on the similarities, rather than the differences between the similar transaction evidence and present charges. Based on the foregoing, therefore, the trial court was not clearly erroneous in admitting the similar transaction evidence.

2. In his second enumeration of error, Quezada contends that the evidence was insufficient to support the verdict. The State introduced evidence of tape-recorded telephone conversations between Quezada and the informant in which the drug purchase was arranged. These tape-recorded conversations were played for the jury. Deputy Jay Baker was in the informant's house when Quezada arrived. Deputy Baker called for the back-up officers to enter when he heard Quezada and the informant arguing. Once the back-up officers entered, Deputy Baker heard the bathroom door slam and heard the informant yelling, "Flush it." Deputy Baker found Quezada in the bathtub with a ziplock bag of methamphetamine.

Viewing the evidence in the light most favorable to the verdict we find that a rational trier of fact could have found Quezada guilty of possession of methamphetamine with intent to distribute beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 19, 1999 —
RECONSIDERATION DENIED MARCH 2, 1999.

*Gregory A. Hicks, James K. Luttrell*, for appellant.
*Garry T. Moss, District Attorney, Charles D. Gafnea, Assistant District Attorney*, for appellee.