A99A0801. LAWRENCE v. THE STATE.
(517 SE2d 822)

Judge Harold R. Banke.

Enumerating three errors, Jack Lawrence appeals his conviction for possession of cocaine with intent to distribute.

On appeal, the evidence must be viewed in a light most favorable to the verdict, and Lawrence no longer enjoys the presumption of innocence. *Pollard v. State*, 230 Ga. App. 159 (495 SE2d 629) (1998). The evidence, when viewed in that manner, established that an undercover narcotics officer, William Hildebrand, set up surveillance inside an abandoned house at a known drug location. Through binoculars, Hildebrand observed Lawrence and his brother, Lee, for nearly an hour. Lawrence sat next to a concrete wall behind a storefront where he could see the parking lot and streets. During the surveillance period, three pedestrians walked up to Lee and handed him something. Lee then handed that object over to his brother. Each time, Lawrence went to the "stash location" to retrieve an object concealed underneath a loose roof tile and handed it to his brother.

Another man, whose identity was never ascertained, took what appeared to be "a handful of cash" from Lawrence before leaving.

When uniformed officers finally arrived, nearly everyone had scattered. Police managed to arrest Lee at the scene. They discovered 42 hits of crack cocaine packed in plastic bags under a roof tile next to where Lawrence had positioned himself. Officers arrested Lawrence outside a nearby apartment and found five hits of cocaine in his sock and $14 on his person.

Evidence from two similar transactions was admitted at trial. In one incident, an officer observed Lawrence and a partner transact five drug deals during which Lawrence repeatedly went into a wooded area to retrieve drugs from a paper bag. During the second similar transaction, Lawrence asked an undercover officer which drugs she wanted. The drug agent then gave Lawrence money to purchase cocaine and marijuana, and Lawrence's partner handed the drugs to her. Their stash was concealed nearby in a brown paper bag underneath a dumpster.

Although Lawrence admitted to possessing the cocaine hidden in his sock, he denied having any connection to the cocaine found at the scene or having any involvement in drug sales. Lawrence claimed that the five hits of cocaine were strictly for his own personal consumption. *Held*:

1. Lawrence contends that the evidence was insufficient to sustain his conviction because the undercover officer could not see the items being exchanged. We disagree. Possession of drugs may be joint or exclusive, and actual or constructive. *Garvey v. State*, 176 Ga. App. 268, 274 (6) (335 SE2d 640) (1985). Where drugs are found in the immediate presence of a defendant, a jury is authorized to find that the defendant has constructive possession of the drugs. Id.

Here, police recovered 42 hits individually packaged for sale from the area Lawrence had vacated just moments before. The undercover officer testified that he saw Lawrence repeatedly remove the tile and remove an object stashed underneath it. Based on this evidence, a jury could have determined that Lawrence had constructive possession of the crack cocaine hidden under the tile. *Lowe v. State*, 223 Ga. App. 172, 173 (477 SE2d 341) (1996). Further, by showing circumstantially that Lawrence had equal access to the cocaine and was in joint constructive possession of it, the State proved that Lawrence was, at a minimum, a party to the crime. *Brownlee v. State*, 173 Ga. App. 138, 139 (1) (325 SE2d 815) (1984).

Based on the evidence showing that Lawrence actively participated in several apparent drug transactions, the prior sales by Lawrence of illegal drugs to strangers, the discovery of cocaine hidden on Lawrence's person, and the 42 hits concealed under the tiles, the jury could have decided that Lawrence intended to distribute the cocaine.

This evidence was sufficient to satisfy the requirements of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Blaise v. State*, 185 Ga. App. 653, 654 (365 SE2d 499) (1988).

2. Lawrence contends that the trial court erred by charging:

> If upon consideration of the evidence in this case, you find there is a conflict in the testimony of the witnesses or a conflict between a witness or witnesses, it is your duty to settle this conflict, if you can, without believing that any witness made a false statement. If you cannot do this, then it becomes your duty to believe that witness or those witnesses you think best entitled to belief.

While a charge instructing that witnesses are presumed to speak the truth has been disapproved as potentially misleading, it has not been found to be reversible error. *Noggle v. State*, 256 Ga. 383, 385-386 (4) (349 SE2d 175) (1986); *Stinson v. State*, 221 Ga. App. 758, 759 (2) (472 SE2d 538) (1996); see *Frost v. State*, 200 Ga. App. 267, 271 (5) (407 SE2d 765) (1991). In any event, the charge as a whole properly instructed the jury that it was the ultimate factfinder and was responsible for determining whether the witnesses spoke the truth. *Pullins v. State*, 232 Ga. App. 267 (1) (a) (501 SE2d 612) (1998). We find no error.

3. Lawrence contends that he was not afforded effective assistance of counsel at trial because his attorney at the last minute withdrew a request to charge on the lesser included offense of simple possession, thereby depriving him of his sole defense.

To establish ineffectiveness, an appellant must show not only that his counsel's performance was deficient, but also that the deficiency prejudiced him. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Rucker v. State*, 268 Ga. 406, 407 (2) (489 SE2d 844) (1997). Failure to satisfy either prong of the *Strickland* standard is fatal to an ineffective assistance claim. *Brewer v. State*, 224 Ga. App. 656, 657-658 (2) (481 SE2d 608) (1997). Moreover, a defendant must overcome the strong presumption that trial counsel's conduct fell within the wide range of reasonable professional conduct. Id.

At the motion for new trial hearing, Lawrence's trial counsel explained that Lawrence's defense was that he was a drug user but not a drug seller. She testified that the only reason she would have withdrawn the requested charge on the lesser offense would have been a decision to pursue an all or nothing defense because Lawrence did not want to risk a conviction for simple possession. The facts established by the evidence could conceivably have supported that strategy. Such a strategic decision does not equate with ineffective-

ness of counsel. *Harper v. State*, 232 Ga. App. 224, 227 (2) (d) (501 SE2d 591) (1998). Since the trial court's finding that Lawrence was not denied effective assistance of counsel was not clearly erroneous, it must be affirmed. *Kelly v. State*, 267 Ga. 252, 253 (2) (477 SE2d 110) (1996).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MAY 13, 1999.

*Zell & Zell, Rodney S. Zell*, for appellant.

*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellee.