## A00A1741. JACKSON v. THE STATE.
(539 SE2d 849)

RUFFIN, Judge.

A Fulton County jury found Samuel Jackson guilty of possession of cocaine with intent to distribute. On appeal, Jackson challenges the sufficiency of the evidence. He also contends that the trial court erred in admitting evidence of two similar transactions. As the evidence was sufficient and the trial court did not err in admitting the similar transaction evidence, we affirm.

1. In reviewing a challenge to the sufficiency of the evidence, we construe the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence.[1] We neither weigh the evidence nor determine witness credibility. As long as there is some evidence, even though contradicted, to support each element required to make the State's case, the jury's verdict will be affirmed.[2]

So viewed, the evidence shows that, on June 17, 1995, Atlanta police officer J. T. Summers was told that a man wearing black shorts and a black shirt with yellow stripes was selling cocaine. Based on the information he received, Summers went to a house, which had been abandoned, and he saw Jackson standing in the driveway holding a brown bag. Jackson was wearing black shorts and a black shirt with yellow stripes. Another man approached Jackson, who opened the bag and showed the man its contents. After the man walked away, Jackson hid the bag under a pile of roofing shingles in the front yard of the house. Summers retrieved the bag, which held 44 clear plastic bags that contained what appeared to be crack cocaine. James

---

Ellis, with the Georgia Crime Laboratory, testified that the substance tested positive for cocaine. Also, at trial, the State introduced certified copies of Jackson's two prior convictions for possession with intent to distribute cocaine.

Contrary to Jackson's contention, this evidence was sufficient to support his conviction for possession of cocaine with intent to distribute.[3] Jackson argues that the evidence was insufficient because Officer Summers did not see any transaction take place. He implies that such evidence is required in order to support a finding of intent to distribute. We disagree. Not only were the drugs packaged individually, as though for sale, but the evidence of the two prior convictions establishes Jackson's motive and intent.[4] Accordingly, the evidence was sufficient to support the jury's verdict.[5]

2. Jackson also contends that the trial court erred in admitting evidence of two similar transactions. The first incident, which took place in August 1991, happened one block away from where Jackson was arrested in June 1995. Jackson was walking down the street carrying a brown bag, similar to the one he had in 1995. When he saw a police officer approach, Jackson dropped the bag. The officer retrieved the bag, which contained 50 bags of crack cocaine. Jackson was convicted of possession with intent to distribute.

The second transaction, which occurred in April 1995, took place several blocks away from where Jackson was arrested in June 1995. Police officers witnessed Jackson take money from people while another man handed the people what the officers believed to be narcotics. The man handed Jackson a pill bottle, which Jackson hid under a stove top. After the men were arrested, a police officer retrieved the pill bottle, which contained 24 "hits" of crack cocaine. As a result of this incident, Jackson pled guilty to possession with intent to distribute.

As a general rule, evidence that a defendant has committed another crime, unrelated to the one for which he is on trial, is irrelevant and inadmissible.[6] In order for such evidence to be admissible, several conditions must be satisfied. First, the evidence must show that the defendant was the perpetrator of the independent crime.[7] Second, the independent crime and the offense charged must be similar enough that proof of the former tends to prove the latter.[8] Third, the evidence must be admitted for an appropriate purpose, such as

---

[3] See *McNair v. State*, 240 Ga. App. 324, 326 (3) (523 SE2d 392) (1999); see also *Hagood v. State*, 228 Ga. App. 693, 694 (2) (492 SE2d 606) (1997).

[4] *McNair*, supra at 325 (2).

[5] See *Lawrence v. State*, 238 Ga. App. 102, 103 (1) (517 SE2d 822) (1999).

[6] *Quezada v. State*, 236 Ga. App. 718, 719 (1) (512 SE2d 401) (1999).

[7] Id.

[8] Id.

establishing motive, intent, plan, identity, bent of mind, or course of conduct.[9]

Jackson does not contend that the evidence was admitted for an inappropriate purpose. Rather, he argues that the two prior incidents were not sufficiently similar to the June 1995 arrest to warrant their introduction. We disagree. "The similar transaction need not be identical to the charged offense to be admissible."[10] Here, both prior transactions occurred in the same geographic location as the offense for which Jackson was on trial and involved the same illegal substance. In one transaction, the substance was packaged in the same manner. In both prior transactions, Jackson attempted to conceal the drugs while engaged in the selling process. Thus, the prior transactions were sufficiently similar to warrant their introduction.[11]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 26, 2000.

*Zell & Zell, Rodney S. Zell*, for appellant.
*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Assistant District Attorney*, for appellee.

---

[9] *Jones v. State*, 243 Ga. App. 374, 376-377 (2) (533 SE2d 437) (2000).
[10] *Maldonado v. State*, 240 Ga. App. 497 (3) (523 SE2d 917) (1999).
[11] See id. at 497-498 (3); see also *Molaro v. State*, 236 Ga. App. 35, 37-38 (2) (510 SE2d 886) (1999).
[1] *Yeary v. Bell*, 228 Ga. App. 522 (2) (492 SE2d 278) (1997).