## A03A1091. WILLIAMS v. THE STATE.
(585 SE2d 751)

</div>

ADAMS, Judge.

Demerich Demond Williams was tried and convicted on three counts of selling cocaine and three counts of selling cocaine within 1,000 feet of a publicly owned housing project. On appeal he contends that the State failed to prove venue.

When a defendant pleads not guilty and stands for trial, the State must establish venue beyond a reasonable doubt. *Jones v. State*, 272 Ga. 900, 902 (537 SE2d 80) (2000). "The State may establish venue by whatever means of proof are available to it, and it may use both direct and circumstantial evidence." Id. at 902-903. "As an appellate court, we view the evidence in a light most favorable to support the verdict and determine whether the evidence was suffi-

---

[51] See *Joel v. Duet Holdings*, 181 Ga. App. 705, 706 (353 SE2d 548) (1987).

cient to permit a rational trier of fact to find beyond a reasonable doubt that the crime was committed in the county where the defendant was indicted." *Chapman v. State*, 275 Ga. 314, 317 (565 SE2d 442) (2002).

The charges against Williams arose out of three separate cocaine sales. Officer Jimmy Sanders of the Chambers County Sheriff's Department testified that in August 2000, he came to be involved in narcotics investigations in neighboring Troup County. He testified that as a part of the investigation he made one undercover drug purchase from Williams on August 25 "in West Point, over around the housing authority, the projects." He testified that the location was in Troup County and that he worked with officers from Troup County.

Officer Larry Arrington of the Troup County Sheriff's Office testified that he also conducted drug purchases in West Point, including two from Williams, in the area of Avenue L about 500 feet from the publicly owned West Point housing projects. The purchases he made were a part of the same undercover drug operation that Officer Sanders was involved in located in West Point.

In addition to the direct evidence, public officials are believed to have acted properly and within their authority, from which, unless clearly proven otherwise, a jury is authorized to conclude that they acted within their territorial jurisdiction. *Chapman*, 275 Ga. at 317-318. The evidence was sufficient to support the finding of proper venue.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JULY 22, 2003.

*Alfred F. Zachry*, for appellant.

*Peter J. Skandalakis, District Attorney, Nigel R. Lush, Assistant District Attorney*, for appellee.