## A03A1321. MITCHELL v. THE STATE.
### (586 SE2d 686)

ELLINGTON, Judge.

Darrell Mitchell was convicted of possession of cocaine with intent to distribute, OCGA § 16-13-30. He appeals from the denial of his motion for new trial, alleging that "[t]he evidence was sufficiently close to warrant the exercise of discretion by the trial court in granting a new trial even if guilt was proven beyond a reasonable doubt." Finding no merit in this contention, we affirm.

> In reviewing a challenge to the sufficiency of the evidence, we construe the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of

---

[11] *J. B. Hunt Transport v. Brown*, 236 Ga. App. 634, 635 (1) (a) (512 SE2d 34) (1999).

innocence. We neither weigh the evidence nor determine witness credibility. As long as there is some evidence, even though contradicted, to support each element required to make the State's case, the jury's verdict will be affirmed.

(Footnotes omitted.) *Jackson v. State*, 246 Ga. App. 133 (1) (539 SE2d 849) (2000).

Viewed in the light most favorable to the prosecution, the evidence established the following. On May 9, 2000, an Atlanta police officer was conducting surveillance near the intersection of Parkway Drive and North Avenue, an area of suspected drug activity. At around 9:30 p.m., Mitchell parked his car in a lot across the street from the officer, who testified that he had a clear view of Mitchell. Mitchell got out of his car and walked across the street toward an apartment complex. He concealed two brown paper bags in the shrubbery outside the building, and then moved to a nearby sidewalk. Over the next thirty minutes, the officer watched Mitchell engage in eight to ten transactions in which Mitchell took money from pedestrians and gave them objects from inside the bags. After each transaction, Mitchell would cross the street and put money in the glove compartment of his car. Once the officer had secured backup assistance, he detained Mitchell and retrieved the bags from the bushes. The bags contained 65 hits of crack cocaine, packaged separately in small plastic bags. The police also recovered $772, in denominations from $1 to $20, from Mitchell's glove compartment.

Mitchell points to OCGA § 5-5-21 for the proposition that the trial court should have exercised its discretion to grant a new trial. That statute provides that "[t]he presiding judge may exercise a sound discretion in granting or refusing new trials in cases where the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding."

In this case, we cannot say that the trial court abused its discretion in concluding that the verdict was not "decidedly and strongly against the weight of the evidence." Mitchell's constructive possession of 65 separately packaged pieces of crack cocaine, as well as a large amount of cash in small denominations, was sufficient evidence to sustain his conviction.[1] Further, the officer personally witnessed Mitchell selling the drugs. The jury was authorized to believe the

---

[1] See *Brown v. State*, 243 Ga. App. 842, 843 (534 SE2d 206) (2000) (possession of a large amount of currency in certain denominations may help establish an intent to distribute); *Williams v. State*, 199 Ga. App. 544, 545 (1) (405 SE2d 539) (1991) (sufficient evidence of intent to distribute where the defendant possessed cocaine divided into 30 small packages, a method of packaging consistent with drug sales or distribution).

officer's testimony and to reject the alternate theory presented by the defense.[2] The evidence supporting Mitchell's conviction was sufficient under *Jackson v. Virginia*,[3] and the trial court did not abuse its discretion in denying the motion for new trial.

*Judgment affirmed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED AUGUST 14, 2003.

*Dell Jackson*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Bettieanne C. Hart*, Assistant District Attorney, for appellee.

---

[2] See *Williams v. State*, 255 Ga. App. 109, 110 (1) (a) (564 SE2d 518) (2002) (the jury determines the credibility of evidence).

[3] 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979) (When a defendant challenges the sufficiency of the evidence supporting his conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.").