A04A1143. LEWIS v. THE STATE.
(601 SE2d 161)

JOHNSON, Presiding Judge.

A jury found Terry Lewis guilty of possession of cocaine within 1,000 feet of a school and possession of cocaine within 1,000 feet of a housing project. Lewis appeals, alleging the evidence was insufficient to find him guilty of possession of cocaine on November 2, 2001, and

the evidence was insufficient to find that the alleged offenses occurred in Dougherty County. We find no error and affirm Lewis' convictions.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[1] "Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court."[2] As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.[3]

Viewed in this light, the evidence shows that on November 2, 2001, an officer assigned to the Dougherty County Drug Unit conducted surveillance of Lewis. The officer saw Lewis walk into a residence with a large amount of money in his hand. Minutes later he walked out of the residence. A person wearing a red shirt approached Lewis. The two men walked to the fence, where Lewis bent down, picked up an object from the ground, turned around and conducted a hand-to-hand exchange with the person wearing the red shirt. The person wearing the red shirt took the object out of Lewis' open palm and gave Lewis money. After the person wearing the red shirt left, Lewis stood where he was, counting something in his hand, "consistent with counting the rocks of cocaine."

Shortly thereafter, a person wearing a blue shirt approached, and Lewis passed an object from his hand to the blue-shirted person in exchange for money. After the transaction, Lewis walked back to the fence location and put an item back on the ground.

The officer notified other investigators over the radio of Lewis' activities. After the two transactions, the other officers detained Lewis, and the surveillance officer directed the officers, by radio, to the fence where Lewis had retrieved and deposited objects. The officers discovered over 3.89 grams of crack cocaine, in pieces consistent with $20 rocks of cocaine. Lewis was arrested and found to have $1,920 cash on his person. This cash consisted mostly of $20 bills, and an officer testified that this was consistent with selling cocaine for $20 a piece. Officers further testified at trial that based on the amount and size of the individual rocks of cocaine, the amount and denominations of the cash found on Lewis, and Lewis' actions, the cocaine was consistent with distribution rather than personal use.

---

[1] *Mitchell v. State*, 262 Ga. App. 759-760 (586 SE2d 686) (2003).

[2] *Odett v. State*, 273 Ga. 353-354 (1) (541 SE2d 29) (2001).

[3] *Mitchell*, supra.

In a one-paragraph argument, Lewis contends that the evidence was insufficient to conclude that he possessed cocaine because the surveillance officer could not identify what Lewis had in his hand at the time of the exchanges, neither the person wearing the red shirt nor the person wearing the blue shirt was ever stopped and questioned, a search of Lewis' person, home, and vehicle did not yield any cocaine, the fence line where the cocaine was located was not within Lewis' exclusive control, and no fingerprint analysis was ever conducted to determine whether Lewis' fingerprints were located on the plastic bag containing the cocaine. We first note that Lewis' argument does not contain a single citation to any authority in support of his arguments. However, a review of the applicable case law reveals that Lewis' arguments lack merit.

Possession of drugs may be joint or exclusive, and actual or constructive.[4] This Court has upheld convictions based upon constructive possession of drugs where the defendant was seen retrieving objects, later discovered to be cocaine, from a stash location during suspected drug sales.[5] In the present case, the surveillance officer witnessed Lewis walk to the fence at least twice and bend down to retrieve or deposit an object both times. Cocaine cut into $20 pieces was found at the fence, and a large amount of cash, mostly in $20 bills was discovered on Lewis' person. In addition, the surveillance officer testified that on two occasions he saw Lewis accept money in exchange for an object. Lewis' constructive possession of the cocaine, as well as the large amount of cash in small denominations, was sufficient evidence to sustain his conviction.[6] The jury was authorized to believe the officer's testimony and to reject the alternate theory presented by Lewis.[7]

2. Lewis contends the evidence was insufficient to prove that the alleged offenses occurred in Dougherty County. We disagree. At trial, the surveillance officer marked on a certified map the locations where Lewis' activities occurred. After the officer marked the map, the prosecuting attorney asked, "These transactions involving Terry Lewis and these exchanges, did they all occur in Dougherty County?" The officer responded, "Yes, ma'am, they did." In addition, the officer who was directed to the fence and discovered the cocaine was asked, "Did all of these events occur in Dougherty County?" He also replied, "Yes, ma'am, they did." Since the officers testified at trial that the offenses were committed in Dougherty County, and since there is no

---

[4] *Lawrence v. State*, 238 Ga. App. 102, 103 (1) (517 SE2d 822) (1999).

[5] See *Mitchell*, supra at 760; *Sutton v. State*, 245 Ga. App. 881-882 (1) (539 SE2d 227) (2000); *Lawrence*, supra.

[6] *Mitchell*, supra; *Sutton*, supra; *Lawrence*, supra.

[7] *Mitchell*, supra at 760-761.

evidence that the offenses were committed in any other county, the evidence was sufficient to authorize the jury's finding, beyond a reasonable doubt, that the crimes charged were committed in Dougherty County.[8]

Moreover, in addition to the direct evidence presented, "public officials are believed to have acted properly and within their authority, from which, unless clearly proven otherwise, a jury is authorized to conclude that they acted within their territorial jurisdiction."[9] Here, both officers testified at trial that they worked for the Dougherty County Drug Unit. The evidence was sufficient to support the finding of proper venue.

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED JUNE 10, 2004.

*Leisa G. Terry*, for appellant.
*Kenneth B. Hodges III, District Attorney, Sadhana Pandey, Assistant District Attorney*, for appellee.

---

[8] See *Dandy v. State*, 238 Ga. App. 435 (1) (518 SE2d 907) (1999).
[9] *Williams v. State*, 262 Ga. App. 473, 474 (585 SE2d 751) (2003).