## A05A0477. LEWIS v. THE STATE.
(611 SE2d 80)

BLACKBURN, Presiding Judge.

Phillip Morris Lewis was found guilty of rape,[1] aggravated sodomy,[2] aggravated assault,[3] criminal trespass,[4] two counts of misdemeanor obstruction of a law enforcement officer,[5] felony obstruction of a law enforcement officer,[6] and possession of marijuana.[7] Following the denial of his motion for new trial, he appeals, arguing that the evidence was insufficient to support his convictions. We disagree and affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court. As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.

(Punctuation and footnotes omitted.) *Lewis v. State.*[8]

Viewed in this light, the evidence shows that at approximately 6:00 a.m. on March 17, 2002, the victim, a 59-year-old female, found Lewis in her living room. When the victim cried out for help, Lewis grabbed her by the hair and jerked her backward; he then choked the victim until she almost passed out and slammed her around the room. Lewis then brutally raped and sodomized the victim. Whenever the victim asked him to stop, he told her to shut up or he would choke her to death.

When Lewis finished, he took a beer from the refrigerator and drank from the can. Lewis then took several packets of BC powder from the victim's table, pulled a cell phone from his pocket, and left. The victim ran to a neighbor, who called 911. Police arrived within

---

[1] OCGA § 16-6-1.

[2] OCGA § 16-6-2.

[3] OCGA § 16-5-21.

[4] OCGA § 16-7-21.

[5] OCGA § 16-10-24 (a).

[6] OCGA § 16-10-24 (b).

[7] OCGA § 16-13-30.

[8] *Lewis v. State*, 267 Ga. App. 770, 771 (1) (601 SE2d 161) (2004).

minutes, and the victim gave them a description of Lewis and told them the direction he had gone.

A rape call went out to police shortly after 8:00 a.m., and within minutes Lewis was spotted by an officer who drove past him. When the officer put on his brakes to turn around, Lewis ran. Upon apprehending Lewis, officers did a pat-down and found on his person a leafy green substance, which later tested positive as marijuana, BC powder packets, and a cell phone. Lewis also smelled of alcohol and appeared to be intoxicated. When the officers tried to put Lewis into the back of the police car, Lewis became extremely violent, cursing, screaming, and kicking out at the three officers, landing blows on two of them.

An agent of the Georgia Bureau of Investigation who processed the victim's house found a beer can and sent it to technicians at the state crime lab. DNA from saliva found on the beer can matched DNA from a blood sample taken from Lewis.

Two days after the crimes, Detective Morrison presented a photo lineup to the victim, who positively identified Lewis as her assailant. The doctor and nurse who examined the victim after the crimes testified at trial. The nurse testified that the bruise on the victim's neck was consistent with a strangulation injury; the doctor testified that the victim's injuries were consistent with her account of rape and sodomy. This evidence was sufficient to allow a rational trier of fact to find Lewis guilty beyond a reasonable doubt of all the crimes of which he was convicted.

Lewis contends that the evidence did not support his conviction because the victim did not positively identify him at trial. This contention is meritless. The evidence shows that the victim identified Lewis from a photographic lineup shown to her two days after she was assaulted.

> Jurors are in fact entitled to believe or disbelieve all or any part of the testimony of any witness; and, being the exclusive judges of the credibility of the witnesses, they may accept whatever evidence they deem most reasonable and credible. It is not for us to determine or question how the jury resolved any apparent conflicts or uncertainties in the evidence. Rather, on appeal, we indulge every contingency in favor of the verdict. It follows that the inability of the witness to make a positive identification at trial affects the weight of the evidence and the credibility of the witness, which are jury questions. The same is true of contradictions in the witness' identification of defendant shortly after the [crimes] and at trial.

(Citations, punctuation and footnotes omitted.) *Currington v. State.*[9] *Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED FEBRUARY 22, 2005.

*Jerry W. Moncus*, for appellant.
*Kermit N. McManus, District Attorney, Barry S. Minter, Assistant District Attorney*, for appellee.

---

[9] *Currington v. State*, 259 Ga. App. 654, 656-657 (578 SE2d 270) (2003).