## A06A2173. UNDERWOOD v. THE STATE.
(642 SE2d 324)

MIKELL, Judge.

A jury found Jake Rocky Underwood guilty of simple assault and aggravated battery. The trial court sentenced him on the felony conviction to a term of ten years, including three in prison, under the First Offender Act. On appeal, Underwood argues that the trial court erred in refusing to excuse a prospective juror for cause; that the court incorrectly charged the jury on impeachment; that the evidence was insufficient to support the verdict; and that his acquittal of aggravated assault precluded his conviction of aggravated battery. We affirm.

1. Underwood first contends that the trial court erred in refusing to excuse a prospective juror for cause. We disagree. In order to disqualify a juror for cause, it must be established that the juror's opinion is so "fixed and definite that it would not be changed by the evidence or charge of the court upon the trial of the case."[1] "[A]bsent proof of a manifest abuse of discretion, a trial court's refusal to strike a juror for cause will not be disturbed."[2]

In the case at bar, the prospective juror was a retired police officer. At the beginning of voir dire, this juror took the oath and did not respond affirmatively when the court asked whether any of the jurors had a bias against any of the defendants or whether any of them could not be perfectly fair. During voir dire, he stated that he believed that he could be fair and impartial in a criminal case. However, when asked if he would be inclined to give more weight to the testimony of a police officer than to the testimony of any other witness, he replied, "I am afraid to say, yes, I might." The prospective juror was not questioned further. A co-defendant of Underwood moved to excuse the prospective juror for cause, and Underwood joined the motion.[3]

---

[1] (Citations omitted.) *Tennon v. State*, 235 Ga. 594, 596 (2) (220 SE2d 914) (1975). Accord *Bakyayita v. State*, 278 Ga. App. 624, 627 (2) (629 SE2d 539) (2006).

[2] (Citation, punctuation and footnote omitted.) *Chavarria v. State*, 248 Ga. App. 398 (1) (546 SE2d 811) (2001).

[3] See, e.g., *Barnes v. State*, 168 Ga. App. 925, 926 (2) (310 SE2d 777) (1983) (defendant must adopt co-defendant's objection to preserve issue for appellate review).

The trial court denied the motion, carefully considering the prospective juror's responses to the statutory questions set forth in OCGA § 15-12-164. Based on those responses, the court found that the prospective juror had not formed or expressed any opinion in the case, was not biased either for or against the accused, and that his mind was perfectly fair. Balancing the prospective juror's representation concerning the credibility of police officers against those responses and considering his voir dire testimony that he could be fair and impartial, the court denied the challenge for cause. Underwood's co-defendant thereafter stated "for the record, we will accept the court's ruling on that." Underwood remained mute and therefore preserved the objection for appeal.

"The expressions concerning the . . . belief in the truthfulness of police officers do not show bias to the extent requiring that a challenge for cause be sustained. Instead they show the truthfulness of the prospective jurors which assists counsel in making his peremptory challenges."[4] Because there was no indication that the juror was so biased that he could not render an impartial verdict based on the evidence, the trial court did not manifestly abuse its discretion in refusing to remove him for cause.[5]

Contrary to Underwood's contention, *Bradham v. State* ("*Bradham II*")[6] does not compel reversal of his conviction. In that case, the challenged juror stated that he had three sons who were law enforcement officers and that he would be inclined to give more credence to a police officer's testimony than to a nonpolice witness. The trial court refused to excuse him for cause.[7] This Court held that "even assuming arguendo, that it was error to refuse to excuse the juror for possible bias[,] the questionable juror did not serve and appellant has not shown that such possible error was not harmless."[8] The Supreme Court reversed on this issue, holding that "[w]hen a defendant in a felony trial has to exhaust his peremptory strikes to excuse a juror who should have been excused for cause the error is harmful."[9] In *Bradham I*, we assumed, without deciding, that the juror should have been excused for cause. We did not analyze the trial court's reasons for

---

[4] *Tennon*, supra. See also *Somchith v. State*, 272 Ga. 261, 262 (2) (527 SE2d 546) (2000) (juror's expression of belief in credibility of witness does not, standing alone, require dismissal for cause).

[5] See generally *Nelson v. State*, 269 Ga. App. 103, 105 (1) (603 SE2d 691) (2004).

[6] 243 Ga. 638 (256 SE2d 331) (1979).

[7] *Bradham v. State*, 148 Ga. App. 89, 91 (3) (250 SE2d 801) (1978) ("*Bradham I*").

[8] (Citations omitted.) Id.

[9] (Citations omitted.) *Bradham II*, supra at 639 (3). See also *Wallace v. State*, 275 Ga. 879, 881 (3) (572 SE2d 579) (2002) (failure to excuse unqualified juror for cause is reversible error even if the defendant did not exhaust all his peremptory challenges).

refusing to excuse the juror.[10] By contrast in the case at bar, we find the trial court's reasoning correct. The trial court carefully followed *Ivey v. State*,[11] which prohibits improper rehabilitation of a prospective juror, and thoroughly reviewed the juror's answers to the statutory questions before concluding that the juror could be fair and impartial. There was no abuse of discretion. The flawed harmless error analysis employed in *Bradham I* is not at issue, and *Bradham II* is inapposite.

2. Underwood argues that the trial court reversibly erred in its charge to the jury on impeaching a witness by prior inconsistent statements. The court charged that

> [s]hould you find that any witness prior to the witness's testimony in this case . . . has made any statement inconsistent with that witness's testimony from the stand . . . and that such prior inconsistent statement is *immaterial* to the case and the witness's testimony, then you are authorized to consider that prior statement, not only for purposes of impeachment, but also as substantive evidence in the case.

(Emphasis supplied.) "[A] mere verbal inaccuracy resulting from a slip of the tongue which does not clearly mislead or confuse the jury is not reversible error."[12] Also, it is axiomatic that jury instructions must be considered as a whole in determining whether an erroneous charge warrants reversal.[13] In the case at bar, the court began its charge on this subject by accurately stating as follows:

> If any attempt has been made in this case to impeach any witness by proof of contradictory statements previously made, you must determine from the evidence: first, whether any such statements were made; second, whether they were contradictory to any statements the witness made on the witness stand; and third, whether it was *material* to the witness's testimony and to the case.

(Emphasis supplied.)

The jury was then informed that if it found that a witness had been successfully impeached by proof of previous contradictory statements, then it could disregard that testimony. Examining the charges

---

[10] *Bradham I*, supra.

[11] 258 Ga. App. 587, 592 (2) (574 SE2d 663) (2002).

[12] (Punctuation and footnote omitted.) *Cole v. State*, 279 Ga. App. 219, 224 (5) (630 SE2d 817) (2006).

[13] Id. at 223-224 (5).

on this issue in their entirety, we do not believe a reasonable possibility exists that the court's apparent slip of the tongue misled the jury as to the proper method of impeachment.[14] Therefore, this enumeration of error is meritless.

3. A "person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another by . . . seriously disfiguring his or her body or a member thereof."[15] Underwood contends the evidence does not support a finding of serious disfigurement. We disagree.

"[A]lthough 'seriously disfiguring' is not defined in OCGA § 16-5-24, it must require an injury more severe than the visible wounds used to illustrate the 'visible bodily harm' required to support a battery conviction," that is, "substantially blackened eyes, substantially swollen lips or other facial or body parts, or substantial bruises to body parts."[16] Construed to uphold the verdict, the evidence in the case at bar shows that Underwood struck the victim in the face with a metal pipe, breaking his nose. The victim testified that "blood . . . went everywhere" and that his "nose was all laid over close to [his] right eye." He was able to feel his nasal bones moving around. The state introduced into evidence photographs depicting the injuries to the victim's nose. Moreover, the state presented as a witness Dr. Andrew Diamond, a surgeon, who testified that the bones in the victim's nose were broken and that the surgical team performed a "closed reduction of nasal fracture" in order to repair the nose. Dr. Diamond explained that the procedure involves re-breaking the patient's nose and replacing it in its proper position. "Because the circumstances of each aggravated battery vary, whether disfigurement is serious is best resolved by the factfinder on a case-by-case basis."[17] Here, the jury could reasonably find that the victim's broken nose constituted serious disfigurement.[18] Accordingly, the evidence suffices beyond a reasonable doubt to sustain Underwood's conviction of aggravated battery.[19]

4. Finally, Underwood argues that his acquittal of aggravated assault precluded his conviction of aggravated battery because the same bodily injury was alleged in each count of the indictment. We disagree. Although Underwood's argument is couched in terms of "preclusion," in effect his complaint is that the verdicts of not guilty

---

[14] Id. at 224 (5).

[15] OCGA § 16-5-24 (a).

[16] (Punctuation omitted.) *Williams v. State*, 248 Ga. App. 316, 318-319 (1) (546 SE2d 74) (2001).

[17] Id. at 318 (1).

[18] *Pollard v. State*, 230 Ga. App. 159, 160 (1) (495 SE2d 629) (1998).

[19] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

of aggravated assault and guilty of aggravated battery are inconsistent. The Supreme Court, however, abolished the inconsistent verdict rule in criminal cases in *Milam v. State*,[20] and Underwood does not cite any cases decided subsequent to that opinion. This enumeration of error thus fails.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 20, 2007.

*Daniel J. Sammons*, for appellant.

*Lee Darragh, District Attorney, Lindsay H. Burton, Michael D. Morrison, Assistant District Attorneys*, for appellee.

---

[20] 255 Ga. 560, 562 (2) (341 SE2d 216) (1986).