## A09A2058. SEYMORE v. THE STATE.
### (685 SE2d 772)

MIKELL, Judge.

Jamaal B. Seymore appeals his conviction for aggravated battery, arguing that the trial judge erred in failing to instruct the jury as to the level of severity of the victim's injuries necessary to constitute serious disfigurement. Finding no error, we affirm.

Viewed in a light most favorable to the verdict,[1] the record reflects that on November 17, 2001, Seymore beat up the victim, Melvin Pope, following an altercation over Pope's girlfriend, Savannah Kirkwood. The attack occurred in the bathroom of a hotel room where Pope, Kirkwood and several others were partying. The victim identified Seymore as his attacker. Kirkwood testified that she saw Seymore punching and kicking Pope; and that a couple of days before this incident, Seymore had threatened to beat Pope up because he believed that Pope was "no good" for Kirkwood. Christopher Deen, who was present at the hotel room, also testified that he witnessed Seymore punching Pope in the face. Deen testified that after Seymore "stopped his onslaught" on Pope and took off, Deen carried the victim downstairs and accompanied him to the hospital; that Pope seemed disoriented; and that by the time they reached the hospital, Deen's shirt was soaked with Pope's blood. The state also introduced into evidence photographs showing the injuries to the victim's face and head. In the attack, Pope suffered a broken nose and scars on his face; he required stitches over his eyes; his face was swollen and was covered in blood; and his eyes were swollen shut for four to five days. Pope testified that he was still suffering from the effects of the attack at the time of trial.

Seymore testified and asserted a justification defense. He admitted that he asked Pope to come into the bathroom with him, but he claimed that Pope told him to stay away from Kirkwood and then poked him in the chest; when Seymore slapped Pope's hand away,

---

[1] *Al-Amin v. State,* 278 Ga. 74 (1) (597 SE2d 332) (2004).

Pope attacked him with a knife, and a fight ensued.

Seymore was indicted on charges of robbery by force, four counts of terroristic threats, criminal damage to property in the second degree, aggravated battery, and aggravated assault with intent to rob. He entered a plea of not guilty and was tried before a jury. At the close of the state's case, the trial court granted a directed verdict as to three counts of terroristic threats. The jury found Seymore guilty of aggravated battery and acquitted him of the remaining counts. The trial court denied his motion for new trial, and this appeal followed.

Count 4 of the indictment accused Seymore of beating Pope severely with his hands and fists and kicking him, thereby maliciously causing Pope bodily harm by seriously disfiguring his face and head. Thus, as pertinent to this case, the "essential elements of the offense of aggravated battery are: (1) maliciously causing bodily harm to another, (2) by seriously disfiguring another's body."[2] The state introduced testimony from the victim and from eyewitnesses, as well as photographic evidence, showing that Seymore struck Pope with enough force to cause severe injuries: his face was severely swollen, his eyes were swollen shut for several days, his nose was broken, he was bleeding profusely, and he required stitches. "The issue of what constitutes disfigurement is for the jury to decide, and the disfigurement need not be permanent."[3] Here, "the jury could reasonably find that the victim's broken nose constituted serious disfigurement."[4] Accordingly, the evidence was sufficient to authorize a rational trier of fact to find Seymore guilty of aggravated battery beyond a reasonable doubt.[5]

Seymore contends that the instruction given to the jury as to aggravated battery failed to inform the jury of the level of harm required to convict Seymore of that offense. We disagree. First, the trial court's charge on aggravated battery was not erroneous; and second, the trial court was not required to instruct the jury on the

---

[2] *Pollard v. State*, 230 Ga. App. 159, 160 (1) (495 SE2d 629) (1998), citing OCGA § 16-5-24 (a) ("A person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof").

[3] (Citations and footnotes omitted.) *Johnson v. State*, 260 Ga. App. 413, 416 (1) (579 SE2d 809) (2003) (broken nose was held sufficient to prove disfigurement). Accord *Ferrell v. State*, 283 Ga. App. 471, 473 (2) (641 SE2d 658) (2007) (jury could find that broken facial bones constituted serious disfigurement).

[4] (Footnote omitted.) *Underwood v. State*, 283 Ga. App. 638, 641 (3) (642 SE2d 324) (2007). Accord *Ganas v. State*, 245 Ga. App. 645, 646 (1) (a) (537 SE2d 758) (2000) (serious disfigurement may consist in temporarily broken nose or severe bruising).

[5] See *Underwood*, supra, citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

meaning of "serious disfigurement."

First, the trial court correctly instructed the jury that "[u]nder Georgia law a person commits the offense of aggravated battery when he maliciously causes bodily harm to another by seriously disfiguring his body or a member thereof." This instruction, taken from the pattern jury instructions,[6] was adequately "tailored to the indictment and adjusted to the evidence admitted in court."[7]

Second, Seymore contends that the trial court failed to guide the jury as to what constitutes "serious disfigurement." This argument is without merit. As we noted in *Williams v. State*,[8] "[t]his Court has never attempted to illustrate what is meant by the term 'seriously' in the 'seriously disfiguring' element of aggravated battery, and the trial court is not required to give a charge explaining that term."[9] Moreover, "[b]ecause the circumstances of each aggravated battery vary, whether disfigurement is serious is best resolved by the factfinder on a case-by-case basis. Consequently, what constitutes serious disfigurement is almost always a question for the jury."[10] The jury's verdict in this case was supported by ample evidence that Pope's injuries were "seriously disfiguring."[11]

Seymore's reliance on *Chase v. State*[12] is misplaced. *Chase* involved an erroneous jury charge concerning simple assault under OCGA § 16-5-20 (a) (1), which provides that a person commits simple assault when he attempts to commit "a violent injury" to the victim. In that case, the jury charge at issue omitted the word "violent."[13] The defendant's conviction could not stand where the jury was not instructed as to an essential element of the crime, that is, that the defendant had to have attempted to commit a violent injury on the victim.[14] In the case at bar, however, the trial court's instructions fully informed the jury of the essential elements of the

---

[6] Suggested Pattern Jury Instructions, Vol. II: Criminal Cases § 2.22.30 (4th ed. 2007) ("A person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof").

[7] (Citation and punctuation omitted.) *Brogdon v. State*, 270 Ga. App. 568, 569 (2) (607 SE2d 199) (2004).

[8] 248 Ga. App. 316 (546 SE2d 74) (2001).

[9] (Citations omitted.) Id. at 318 (1).

[10] (Citation omitted.) Id. Accord *Underwood*, supra; *Ferrell*, supra.

[11] See *Pollard*, supra (evidence that defendant "struck the victim in the face with such force that the blow fractured her nose" was sufficient to show "serious disfigurement" and sufficed to support conviction for aggravated battery). Compare *Williams*, supra at 319 (1) (temporary and superficial scratches and bruises did not constitute "serious disfigurement" and were insufficient to support conviction for aggravated battery).

[12] 277 Ga. 636 (592 SE2d 656) (2004).

[13] Id. at 639 (2).

[14] Id. at 640 (2).

crime that the state was required to prove beyond a reasonable doubt.[15] Because the evidence was sufficient to support the jury's verdict, Seymore's conviction is affirmed.[16]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 19, 2009.

Kenneth D. Kondritzer, for appellant.

Paul L. Howard, Jr., District Attorney, Stephany J. Luttrell, Assistant District Attorney, for appellee.

---

[15] See *Williams*, supra at 318 (1).
[16] See *Pollard*, supra.
[1] *Al-Amin v. State*, 278 Ga. 74 (1) (597 SE2d 332) (2004).