## S06A1142. FERGUSON v. THE STATE.
### (635 SE2d 144)

SEARS, Chief Justice.

The appellant, Eric Ferguson, appeals from his convictions for felony murder and other offenses.[1] On appeal, Ferguson contends that the evidence is insufficient to support two of his convictions, and that the trial court erred by denying a motion for mistrial that Ferguson made after the trial court permitted the State to introduce into evidence a videotape that the State failed to provide to Ferguson before trial. For the reasons that follow, we affirm the trial court's judgment in part and vacate it in part.

1. Ferguson contends that the evidence is insufficient to support his convictions for felony murder and for felony fleeing and attempting to elude a police officer. We disagree.

The evidence introduced at trial shows that Ferguson stole a vehicle in Augusta, Georgia; that the owner of the vehicle reported the theft to police; and that shortly thereafter, a police officer spotted the stolen vehicle. The officer testified that he passed the stolen vehicle while it was stopped at a traffic light; that he made eye contact with Ferguson; that he (the officer) turned around in his marked patrol car to follow the vehicle; and that the stolen vehicle began accelerating rapidly. The officer followed the stolen vehicle for several blocks, with both vehicles traveling between 60-70 miles per hour. The officer testified that, when the stolen vehicle turned on Ninth Street, the officer was about a half a block behind and turned on his blue lights and siren. He added that, at that point, there was only an open field between him and the stolen vehicle; that the stolen vehicle was about three blocks from where Ninth Street intersected another street, Walton Way; and that as the officer turned onto Ninth Street, there was nothing between him and the stolen vehicle. The officer testified that the stolen vehicle accelerated toward the intersection of

---

[1] The crimes occurred on April 14, 2003. On July 1, 2003, Ferguson was indicted for felony murder, with felony fleeing and attempting to elude a police officer as the underlying felony, see OCGA § 40-6-395 (a), (b) (5) (A); theft by taking; vehicular homicide in the first degree; felony fleeing and attempting to elude a police officer; two counts of disregarding a traffic control device; one count of failure to stop at a stop sign; and reckless driving. On December 7, 2004, a jury found Ferguson guilty on all counts. On January 14, 2005, the trial court sentenced Ferguson to life in prison for felony murder; to ten years in prison for theft by taking; to five years for felony fleeing and attempting to elude a police officer; and to twelve consecutive months for each of the traffic offenses. The trial court merged the vehicular homicide conviction with the conviction for felony murder. On February 4, 2005, Ferguson filed a motion for new trial. On July 27, 2005, the court reporter certified the trial transcript. On January 9, 2006, Ferguson filed an amended motion for new trial, and on January 31, 2006, the trial court denied Ferguson's motion for new trial, as amended. The record was docketed in this Court on March 16, 2006, and on May 8, 2006, the case was submitted for decision on briefs.

Ninth Street and Walton Way; that the traffic light at that intersection was red for Ninth Street; that the speed limit on Ninth Street was 35 miles an hour; and that the stolen vehicle was traveling at 60-70 miles an hour when it entered the intersection at Ninth Street and Walton Way. When the stolen vehicle ran the red light and entered the intersection, it struck a car, killing the driver. The officer, as well as the owner of the stolen vehicle, identified Ferguson as the person driving the stolen vehicle.

Viewed in the light most favorable to the verdict, the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that Ferguson committed the felony offense of fleeing and attempting to elude a police officer, as that offense is defined in OCGA § 40-6-395 (a) and (b) (5) (A), and that, during the commission of that felony offense, Ferguson caused the death of the victim. Accordingly, the evidence is sufficient to support Ferguson's convictions for felony murder and felony fleeing and attempting to elude a police officer.[2] We also conclude that the evidence is sufficient to support Ferguson's other convictions.

2. Ferguson contends that the trial court erred in denying a motion for mistrial that he made when the trial court ruled that the police officer's videotape of the high-speed chase was admissible. Ferguson contends that the State should have produced the videotape before trial pursuant to his motion for discovery under *Brady v. Maryland*;[3] that the State failed to do so; and that the failure to produce the tape before trial prejudiced Ferguson by not giving him time to find an expert to review the tape. In this regard, Ferguson contends on appeal that an expert might have been able to show that Ferguson was not driving the stolen vehicle at 60-70 miles per hour, but was instead driving it about 40 miles per hour.

We need not decide whether Ferguson carried his burden to prove all the elements of a *Brady* violation,[4] as we conclude that Ferguson has failed to carry his burden to prove the prejudice prong of his claim. In this regard, Ferguson had the burden to show that "a reasonable probability exists that the outcome of the trial would have been different had the evidence been disclosed."[5] Although Ferguson

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Because the felony offense of fleeing and attempting to elude a police officer served as the underlying felony for the felony murder conviction, the fleeing and attempting to elude conviction merged with the conviction for felony murder, and the trial court thus erred in sentencing Ferguson for that offense. *Billings v. State*, 278 Ga. 833, 834 (607 SE2d 595) (2005); *Hawkins v. State*, 267 Ga. 124, 125 (475 SE2d 625) (1996). Accordingly, we vacate Ferguson's conviction for felony fleeing and attempting to elude a police officer.

[3] 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

[4] *Watkins v. State*, 276 Ga. 578, 583 (581 SE2d 23) (2003).

[5] Id. at 583.

speculates that an expert might have been able to show that Ferguson was not traveling at 60-70 miles per hour in the stolen vehicle, this speculation is insufficient to establish a reasonable probability that the outcome of the trial would have been different if Ferguson had been provided with a copy of the videotape before trial.[6]

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED SEPTEMBER 18, 2006.

*Susan A. Welch*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Laura D. Dyes, Assistant Attorney General*, for appellee.

---

[6] See *Gresham v. State*, 265 Ga. 730, 731 (462 SE2d 370) (1995) ("Mere speculation by [the defendant] that he 'might' have pursued a different course of action had he received the evidence earlier is not sufficient" to prove a *Brady* violation.).