### A07A1793. COCHRAN v. THE STATE.
(654 SE2d 458)

ANDREWS, Presiding Judge.

Rodney Cochran appeals after a jury convicted him of fleeing or attempting to elude a police officer and numerous other charges. Cochran contends that the evidence, although sufficient to support a conviction for misdemeanor fleeing or attempting to elude, was insufficient to support a conviction for felony fleeing or attempting to elude. He also argues that the indictment was defective in that it did not contain all the elements needed to establish the felony offense. For the reasons set forth below, we agree and vacate the sentence for felony fleeing or attempting to elude a police officer.

The evidence at trial, taken in the light most favorable to the verdict, was that the arresting officer was parked in his patrol car when he heard gunshots. He saw someone in an SUV, later identified as Cochran, with his arm extended out the window and holding a gun. Cochran drove away and the officer pulled in behind him and turned on his blue lights. Cochran did not stop. With the officer in pursuit, Cochran ran through a stop sign and, at one point, veered into the opposite lane. Cochran eventually stopped and the officer arrested him.

Cochran was originally charged in a 14-count indictment. Prior to trial, Cochran stipulated to the charges of discharging a pistol within fifty yards of a public street, two counts of DUI, driving with a suspended license, driving with a wilfully defaced license plate, driving without a registration, driving with an open container, and driving with no proof of insurance. In addition, the jury found

Cochran guilty of fleeing or attempting to elude a police officer, reckless conduct, failure to maintain lane, and a stop sign violation.

At sentencing, the trial court imposed a sentence for felony fleeing or attempting to elude. This appeal followed.

1. The indictment did not contain all the elements needed to establish a charge for fleeing or attempting to elude a police officer.

> Under OCGA § 40-6-395 (a), it is a misdemeanor for any driver to flee, elude, or fail to stop when a police officer signals to stop. However, a person commits a felony when he or she violates OCGA § 40-6-395 (a) in an attempt to escape arrest for a felony, and either: 1) drives in excess of 30 mph over the speed limit; 2) collides with another vehicle or pedestrian; 3) flees in traffic conditions such that the general public is placed at risk of serious injuries; or 4) leaves the state. OCGA § 40-6-395 (b) (5) (A).

*State v. Tiraboschi*, 269 Ga. 812, 812-813 (504 SE2d 689) (1998). The indictment stated that Cochran did

> willfully fail and refuse to bring his vehicle to a stop and did flee and attempt to elude a pursuing police vehicle and police officer when given a visual and audible signal by Bill Watterson to bring his vehicle to a stop, in an attempt to escape arrest for Aggravated Assault On A Peace Officer, Reckless Conduct, Discharge of Firearm On Or Near Public Highway, Driving On Suspended License, Alteration Of License Plates, and Operation Of Vehicle Without Revalidation Decal, said officer being in uniform prominently displaying his badge of office and his vehicle being appropriately marked showing it to be an official police vehicle, in violation of OCGA §§ 40-6-395 (a), (b) (5) (A).

Thus, the indictment lists the felony Code section, but fails to list any predicate offense as required by OCGA § 40-6-395 (b) (5) (A).

The State argues that because the indictment contains charges on two counts of DUI, a charge of failure to maintain lane and a stop sign violation, this supplied the necessary element of "flee[ing] in traffic conditions such that the general public is placed at risk of serious injuries." Therefore, according to the State, Cochran was on notice of the charges against him and could show no prejudice from the wording of the indictment.

The trial court agreed, holding that the charges of driving under the influence, failure to maintain lane, and failure to stop at a stop sign, "clearly meet the standard of fleeing in traffic conditions which

place the general public at risk of receiving serious injury." In reaching this result, the trial court cited to *Howard v. State*, 252 Ga. App. 487 (555 SE2d 884) (2001). *Howard* states:

> Ordinarily, allegations set forth in one count of an indictment cannot be imputed to a separate count, absent specific reference to the allegation sought to be imputed. An indictment may be valid as to an offense requiring proof of an underlying or predicate offense, however, even if the count as to the compound offense omits an essential element of the predicate offense — as long as the indictment charges the predicate offense completely in a separate count or where the defendant is put on notice of the predicate offense by the facts alleged in the indictment to show how the compound offense was committed.

(Citations and punctuation omitted.) Id. at 488.

In *Howard*, the defendant was charged with felony vehicular homicide with reckless driving as the predicate or underlying violation. Id. Howard claimed that this count failed to contain the crucial language that he drove with "reckless disregard for the safety of persons or property" as required by the reckless driving statute, and therefore the vehicular homicide count in the indictment was substantively defective. This Court rejected the argument because the indictment contained a count charging Howard with reckless driving and this count did contain the crucial language required. Id.

In the instant case, unlike *Howard*, nowhere in the indictment is the predicate offense "flees in traffic conditions such that the general public is placed at risk of serious injuries" mentioned. Where the indictment does not contain one of the four predicate offenses required for conviction of a felony under the fleeing or attempting to elude statute, the trial court may not sentence the defendant for the felony offense. *Thomas v. State*, 255 Ga. App. 777, 780 (567 SE2d 72) (2002).

2. The evidence at trial was insufficient to convict Cochran of felony fleeing from an officer. The State offered no evidence at trial of any traffic conditions and no evidence of any cars or pedestrians that may have been at risk due to Cochran's driving while he was fleeing from the officer. Accordingly, the evidence was insufficient to support the conviction under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Accordingly, for both the above-stated reasons, Cochran's felony sentence on the charge of fleeing from an officer is hereby vacated, and the case is remanded to the trial court with direction that it

resentence Cochran for the misdemeanor offense under OCGA § 40-6-395 (a). *Thomas*, supra at 780.

*Judgment vacated and case remanded for resentencing. Ellington and Adams, JJ., concur.*

DECIDED NOVEMBER 21, 2007.

*Thomas S. Robinson III*, for appellant.
*W. Kendall Wynne, Jr., District Attorney*, for appellee.