A09A0273. HINTON v. THE STATE.
(677 SE2d 752)

SMITH, Presiding Judge.

Travis B. Hinton was convicted of trafficking in cocaine, possession of a firearm during the commission of a felony, possession of a firearm by a convicted felon, and felony fleeing or attempting to elude.[1] His motion for new trial was denied, and he appeals. Finding no error, we affirm.

1. Hinton raises the sufficiency of the evidence, contending the State failed to prove any of the offenses for which he was convicted.

(a) Hinton's arguments on the first three counts of the indictment are the same. Construed in favor of the jury's verdict, the evidence shows that Hinton led a police officer on a high-speed chase and then fled on foot, carrying a black backpack. Hinton ran around the corner of a house and emerged without the backpack, then immediately surrendered. The officer arrested Hinton and then searched the area with other officers, finding a backpack containing drugs and a pistol on the roof of the house where Hinton disappeared from view.

We find the evidence sufficient to uphold the convictions under the standard established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). "In previous cases, this court upheld convictions where the defendant fled from police officers and then the officers found drugs thrown on the ground near the defendant's path. [Cits.]" *Williams v. State*, 292 Ga. App. 892, 893 (1) (666 SE2d 18) (2008). See *Riggins v. State*, 281 Ga. App. 266 (635 SE2d 867)

---

[1] Hinton entered a plea of guilty to the charges of driving with a suspended license and no proof of insurance.

(2006) (defendant fled wearing hat and when apprehended no longer had hat; officers located hat containing drugs with tracking dog); *Grier v. State*, 273 Ga. App. 517 (1) (615 SE2d 586) (2005) (defendant fled with hand in pants pocket and struggled with police; officers discovered drugs on the ground in area of struggle).

(b) Hinton also contends that the evidence is insufficient to convict him of felony fleeing or attempting to elude. During the police chase, Hinton reached speeds in excess of 100 mph in a residential area. He ran a stop sign and then jumped from the car while it was still in motion; the car struck a police cruiser, rolled across the roadway, and ran into a fence.

OCGA § 40-6-395 (b) (5) (A) provides for enhanced felony punishment when a defendant,

> while fleeing or attempting to elude a pursuing police vehicle or police officer in an attempt to escape arrest for any offense other than a violation of this chapter, operates his or her vehicle in excess of 30 miles an hour above the posted speed limit, strikes or collides with another vehicle or a pedestrian, flees in traffic conditions which place the general public at risk of receiving serious injuries, or leaves the state.

Because we have held that the evidence was sufficient to support Hinton's convictions for trafficking in cocaine, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon, Hinton's argument that the State failed to show an offense other than a traffic violation is without merit.

Hinton also argues that the State failed to present any evidence of traffic conditions or that any members of the public were put at risk by his driving, relying on *Cochran v. State*, 288 Ga. App. 538 (654 SE2d 458) (2007). But *Cochran* is inapposite here, for two reasons. First, the indictment in that case failed to allege any predicate act with respect to the appellant's operation of the vehicle, and we held: "Where the indictment does not contain one of the four predicate offenses required for conviction of a felony under the fleeing or attempting to elude statute, the trial court may not sentence the defendant for the felony offense. [Cit.]" Id. at 540 (1). Here, Hinton was specifically indicted for fleeing or attempting to elude "in traffic conditions which placed the general public at risk of receiving serious injuries."

Second, in contrast to *Cochran*, in which no evidence of traffic conditions or persons at risk was presented, id. at 540 (2), the videotape from the pursuing police cruiser was played for the jury. The jury thus was able to view both Hinton's driving and the traffic

WAKE LAW LIBRARY

conditions at first hand and determine from that evidence whether Hinton fled "in traffic conditions which place[d] the general public at risk of receiving serious injuries."

2. Hinton also enumerates as error the trial court's charge to the jury on constructive possession. The trial court charged: "The proof of constructive possession depends on circumstantial evidence. Such evidence must both be consistent with the hypothesis of guilt and must include [sic] every other reasonable hypothesis."

"A mere verbal inaccuracy resulting from a slip of the tongue which does not clearly mislead or confuse the jury is not reversible error. Also, it is axiomatic that jury instructions must be considered as a whole in determining whether an erroneous charge warrants reversal." (Citations, punctuation and footnotes omitted.) *Underwood v. State*, 283 Ga. App. 638, 640 (2) (642 SE2d 324) (2007). As in *Underwood*, the trial court here accurately stated the rule on circumstantial evidence shortly before its obvious verbal slip: "To warrant a conviction on circumstantial evidence the proven facts must not only be consistent with the theory of guilt but must *exclude* every other reasonable theory other than the guilt of the defendant." (Emphasis supplied.) See also *McKinney v. State*, 251 Ga. App. 896, 899 (2) (d) (ii) (555 SE2d 468) (2001), which involved the identical error in a constructive possession charge. We found "no doubt that the charge was the result of an inadvertent slip of the tongue," and we held that it did not prejudice the defendant in the context of ineffective assistance of counsel. Here, no reasonable possibility exists, in the context of the charge as a whole, that this inadvertent verbal slip misled or confused the jury. This enumeration of error therefore is meritless. *Underwood*, supra, at 640-641 (2).

*Judgment affirmed. Phipps and Bernes, JJ., concur.*

DECIDED APRIL 17, 2009.

*James D. Lamb*, for appellant.
*Peter J. Skandalakis, District Attorney, John B. Cunningham, Assistant District Attorney*, for appellee.