S12A1829. HESTER v. THE STATE.
(736 SE2d 404)

THOMPSON, Presiding Justice.

Appellant Solomon Hester was convicted of malice murder, two counts of cruelty to a child, and possession of a firearm during the commission of a felony in connection with the shooting death of Allison Brownell.[1] He appeals from the denial of his motion for new trial, asserting that the State violated *Brady v. Maryland*, 373 U. S.

---

[1] The crimes occurred on October 1, 2007. Appellant was indicted on October 4, 2007, by a Hall County grand jury on charges of malice murder, felony murder predicated on aggravated assault, aggravated assault, cruelty to a child in the third degree (two counts), and possession of a firearm during the commission of a crime. He was found guilty of all charges after a March 5-20, 2009 jury trial and sentenced on March 25, 2009 to life in prison on the malice murder count, a consecutive term of five years for possession of a firearm, and two consecutive one-year prison terms on the charges of cruelty to a child. The remaining convictions merged or were vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369 (434 SE2d 479) (1993). Appellant

83 (83 SC 1194, 10 LE2d 215) (1963), by failing to disclose the results of two toxicology tests. Finding no error, we affirm.

1. Viewed in the light most favorable to the verdict, the jury was authorized to find that on the night of the crimes appellant was at home with Brownell and her two daughters, then ages nine and ten. Appellant and Brownell were sitting on the couch arguing while the girls were in their bedrooms. One daughter heard Brownell yell, "If you put your hands on me, I'll call the cops!" Soon after, the child heard a loud noise. She ran into the living room and saw her mother lying on the couch with a bullet hole in her head. She did not see a gun in her mother's hand.

After appellant called 911, police found Brownell, who was right-handed, with a gun in her left hand and a lighter in her right hand. Although appellant told police Brownell had been sitting up when she shot herself, a crime scene investigator testified blood splatter and the bullet's trajectory demonstrated the victim's head had been pressed against or very close to the seat of the couch when she was shot. Multiple experts testified appellant's assertion that the victim shot herself while sitting up was inconsistent with the blood splatter, the bullet trajectory, the presence of a muzzle stamp on her head, and the position in which she was holding the gun when found. A toxicology report revealed Brownell had a blood-alcohol concentration of 0.27 at the time of her death.

We conclude the evidence was sufficient to authorize a rational jury to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

2. Just before trial, appellant moved to compel the State to test Brownell's blood sample for the presence of marijuana metabolites, or THC, the psychoactive compound found in marijuana. The trial court granted the motion, and the GBI lab performed an immunoassay (IA) test, a procedure used by the GBI to screen for the possible presence of several different metabolites. Because the blood sample registered at the exact cutoff level to warrant further testing, the lab conducted a gas chromatograph/mass spectrometer (GC/MS) test, a more precise test used to either confirm or rule out the presence of marijuana

---

filed a motion for new trial on April 22, 2009, which he amended on November 12, 2010 and January 12, 2011. The motion for new trial was denied on April 13, 2012. A notice of appeal was filed on May 10, 2012. The appeal was docketed in the September term of this Court and orally argued on November 5, 2012.

metabolites in the sample.[2] The need for further testing was reported in open court during voir dire in the presence of appellant and his counsel. The results of the GC/MS test, which were reported to be negative, was posted on the State's secure web system on March 17, 2009, and made available to the prosecutor two days later.[3] It is undisputed defense counsel was not made aware of the GC/MS test results until after the conclusion of trial.

Appellant contends the trial court erred by denying his motion for new trial based on the State's failure to disclose the result of the IA test indicating the possible presence of marijuana in the victim's blood, which he argues he could have used to bolster his argument that she shot herself because of her exaggerated emotions and severe intoxication. He further asserts as error the State's failure to disclose the results of the GC/MS test during trial.

To prevail on a *Brady* claim, a defendant must show: (1) the State possessed evidence favorable to the defendant; (2) the defendant did not possess the favorable evidence and could not obtain it himself with any reasonable diligence; (3) the State suppressed the favorable evidence; and (4) had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the trial would have been different. See *Kyles v. Whitley,* 514 U. S. 419, 433-434 (115 SC 1555, 131 LE2d 490) (1995); *Mize v. State,* 269 Ga. 646, 648-649 (2) (501 SE2d 219) (1998); *Burgeson v. State,* 267 Ga. 102, 104 (2) (475 SE2d 580) (1996). Pretermitting the issue of whether appellant met his burden with regard to the first three prongs of his *Brady* claim, we find no reversible error because appellant has failed to show a reasonable probability that disclosure of the evidence would have caused a different outcome in the trial. See *Watkins v. State,* 276 Ga. 578, 583 (4) (581 SE2d 23) (2003); *Rogers v. State,* 257 Ga. 590, 592 (3) (361 SE2d 814) (1987).

The defense theory at trial was that Brownell shot herself while severely intoxicated. Consistent with his theory of severe intoxication, appellant recounted in his statement to police, which was admitted at trial, that Brownell had been drinking beer and doing liquor shots during the evening of the crimes and was exhibiting

---

[2] If the metabolite level had been any lower than that reported in the IA, the lab would have reported that the victim's blood was negative for marijuana and no further testing would have been conducted.

[3] Two State toxicologists testified that according to GBI policies, in order to call a sample positive for THC, the THC level must be above a threshold level of 10 and there must also be a mass spectra match for the particular analyte on the chromatogram. Here, the THC level was 7.5, below the threshold level, and there was no evidence of spectral characteristics which would support a positive finding for the presence of marijuana.

exaggerated emotional and physical behavior. The defense questioned expert witnesses, both for the State and defense, regarding the effects of intoxication on a person's emotions, perception of events, and physical abilities, and more specifically with regard to a person who had a blood-alcohol concentration of 0.27. Defense counsel highlighted this evidence in closing arguments by arguing that Brownell was "drunk," "out of her mind," with a blood-alcohol level of 0.27, when she reached for the gun, leaned back, hit the back of the couch and shot herself. To the extent appellant could have argued that the test results showed the possibility that Brownell was also under the influence of marijuana, the undisclosed evidence was consistent with the intoxication evidence he presented to the jury. Because appellant made no showing that the undisclosed test results would have made his defense theory more credible or revealed anything other than what he already had presented to the jury, he has failed to meet his burden of proving a reasonable probability that the outcome of his trial would have been different. See *Morris v. State*, 284 Ga. 1 (2) (662 SE2d 110) (2008) (no *Brady* violation where failure to disclose test showing absence of blood on stairs was consistent with other evidence already presented to jury); *Ferguson v. State*, 280 Ga. 893 (2) (635 SE2d 144) (2006) (speculation that expert might have been able to present opinion contradicting State's evidence insufficient to establish reasonable probability that outcome of trial would have been different).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 7, 2013 —
RECONSIDERATION DENIED FEBRUARY 4, 2013.

*Brett M. Willis, H. Bradford Morris*, for appellant.

*Lee Darragh, District Attorney, Jennifer C. Bagwell, Kelley M. Robertson, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.