**SECOND DIVISION
BARNES, P. J.,
MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/**

**May 16, 2013**

# In the Court of Appeals of Georgia

A13A0514. HICKS v. THE STATE.

RAY, Judge.

Following a jury trial, Stacy Leonard Hicks was convicted of felony fleeing and attempting to elude a police officer[1] (OCGA § 40-6-395).[2] He appeals the denial of his motion for new trial, contending that the evidence was insufficient to prove he committed a felony violation, as opposed to a misdemeanor violation, of OCGA § 40-6-395. We find the evidence sufficient to support the guilty verdict as to fleeing and

---

[1] Hicks also was convicted of driving under the influence, failure to obey stop sign, weaving over the roadway, and obstruction of an officer, but he does not appeal those convictions.

[2] OCGA § 40-6-395 was substantially amended effective July 1, 2012. See Laws 2012, Act 670, § 1. Thus, we review Hicks' case under the prior version of the statute in effect when he was convicted. See Laws 2010, Act 412, § 2, effective July 1, 2010.

eluding; however, because there was insufficient evidence showing that there were traffic conditions that placed the general public at risk of serious injury, we vacate Hicks' felony fleeing and eluding sentence and remand the case with direction that a conviction and sentence be entered for a misdemeanor offense.

On appeal from a criminal conviction, the defendant no longer enjoys the presumption of innocence, and we neither weigh the evidence nor judge the credibility of the witnesses, but determine only if, after viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found the defendant guilty of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows that in the early morning hours of April 3, 2010, an officer with the Effingham County Sheriff's Office received a missing vehicle call for a maroon Mercedes sport utility vehicle. He spotted the vehicle and saw it collide with a steam roller parked beside the road. The vehicle was pulling a trailer, and the collision caused the trailer to detach and spill mattresses and other items into the roadway. After the collision, the officer activated his lights and began pursuit of the vehicle. The officer testified, and the video from the camera mounted on his police car shows, that after he activated his lights, the vehicle accelerated,

2

drove through a stop sign without stopping, crossed over the white fog line on the edge of the roadway several times, and turned into two residential driveways before the driver, Hicks, abandoned the vehicle and fled on foot.

1. Hicks argues that the evidence was insufficient to convict him of felony, rather than misdemeanor, fleeing and eluding. We agree.

Under OCGA § 40-6-395 (a), "[i]t shall be unlawful for any driver of a vehicle willfully to fail or refuse to bring his or her vehicle to a stop or otherwise to flee or attempt to elude a pursuing police vehicle . . . when given a visual or an audible signal to bring the vehicle to a stop." OCGA § 40-6-395 (b) (1) provides that any person violating subsection (a), above, is guilty of a "high and aggravated misdemeanor," while OCGA § 40-6-395 (b) (5) (A) (i) - (v) provides that any person who violates subsection (a), above, while fleeing or attempting to elude a pursuing police vehicle is guilty of a felony if he operates his vehicle in excess of 20 miles over the speed limit, strikes or collides with another vehicle or pedestrian, flees in traffic conditions that place the general public at risk of receiving serious injuries, has an alcohol concentration of 0.08 grams or more within three hours of driving, or leaves the state.

3

The indictment charges Hicks with "willfully flee[ing from] a pursuing police vehicle in an attempt to escape arrest . . . in traffic conditions which placed the general public at risk of receiving serious injuries, after having been given a visual signal to bring his vehicle to a stop by an officer."

The signal to stop may be "by hand, voice, emergency light or siren." OCGA § 40-6-395 (a). The only evidence of a signal to stop in the instant case was the officer's activation of his lights *after* Hicks collided with the steam roller. As an initial matter, we note that the State presented no evidence of the speed limit in the area or the speed at which Hicks was driving, presented no evidence of a collision with a pedestrian or other vehicle in the time period after the officer activated his lights, and presented no evidence that Hicks left the state. Further, the officer testified that although he smelled alcohol on Hicks' breath, he did not perform any tests to check Hicks' intoxication level.

Additionally, the State presented no evidence of traffic conditions that placed the general public at risk of serious injury. The transcript contains no testimony related to risk to the general public, and the video of the chase, as recorded by the camera mounted on the police cruiser, shows empty roadways containing no other vehicles or pedestrians during the pendency of the pursuit. The prosecution cites

4

*Hinton v. State*, 297 Ga. App. 565 (677 SE2d 752) (2009), arguing that so long as the jury viewed a police video of the chase, jurors determined "first hand" whether the evidence supported a finding that Hicks fled "in traffic conditions [which] placed the general public at risk of receiving serious injuries," and thus the verdict cannot be overturned. This contention is incorrect.

In *Hinton*, for example, while the jury viewed a video of the chase, the evidence showed that the defendant reached speeds in excess of 100 miles per hour in a residential area, ran a stop sign, and jumped from the vehicle while it was still moving, allowing the car to strike a police cruiser and collide with a fence. Id. at 566 (1) (b). See also *Ferguson v. State*, 280 Ga. 893, 894 (1) (635 SE2d 144) (2006) (evidence sufficient to support felony fleeing and eluding where defendant was driving 25-35 miles in excess of the speed limit and struck a car, killing its driver); *Adams v. State*, 293 Ga. App. 377, 377-378, 381 (2) (667 SE2d 186) (2008) (evidence sufficient to support felony fleeing and eluding where defendant nearly struck a sheriff's deputy and did strike a marked police car); *Buggay v. State*, 263 Ga. App. 520, 521, 523 (2) (588 SE2d 244) (2003) (felony sentence under OCGA § 40-6-395 (b) (5) (A) upheld where defendant drove in excess of 100 miles per hour in heavy traffic).

It is well settled that for the jury's verdict to be upheld, there must be some competent evidence, even if contradicted, to support each fact necessary to make out the State's case. *Ferguson v. State*, 307 Ga. App. 232, 233 (1) (704 SE2d 470) (2010). Here, the State presented no such competent evidence and proved none of the elements required under OCGA § 40-6-395 (b) (5) (A). Thus, we must vacate Hicks' felony sentence. Because the evidence does support a misdemeanor conviction, we remand the case with direction that a conviction and sentence be entered for a misdemeanor offense. See generally *Schneider v. State*, 312 Ga. App. 504, 509 (4) (718 SE2d 833) (2011).

2. Hicks contends that the trial court erred in imposing the maximum felony sentence without considering a less severe sentence. In light of our decision in Division 1, we need not reach this enumeration of error.

*Judgment vacated and case remanded with direction. Barnes, P. J., and Miller, J., concur.*