## S13A1095. BATES v. THE STATE.
(750 SE2d 323)

HUNSTEIN, Justice.

David Bates was convicted of malice murder and other crimes in connection with the stabbing death of his next-door neighbor Thelma Ransom.[1] On appeal, he contends that the evidence was insufficient to support his convictions. Because the evidence was sufficient to convict him on the murder and armed robbery counts and the jury found him not guilty on the burglary count, we affirm.

1. On appeal, we review the evidence in the light most favorable to support the prosecution and will uphold the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979); *Walker v. State*, 282 Ga. 406 (1) (651 SE2d 12) (2007). It is the role of the jury, not this Court, to weigh the evidence and determine witness credibility. See *Caldwell v. State*, 263 Ga. 560 (1) (436 SE2d 488) (1993).

Viewed in the light most favorable to the verdict, the evidence presented at trial shows that Bates would periodically borrow small sums of money from Joe Ransom, the victim's husband, and repay the money at the end of the week; Joe also paid Bates to cut the grass in the yard of the duplex they shared. Joe died in July 2006 and, on the night before his funeral, Bates attempted to borrow money from Thelma Ransom. He also cut the grass and sought payment from her; she got upset and asked him not to cut the grass anymore. On Sunday, August 20, 2006, Ransom's daughter Melissa Lytle took Ransom to the grocery store and observed that her mother had approximately $600 in her wallet. On the next day, Ransom's sister-in-law Melba Mitchell and her three children visited Ransom for three hours in the morning. During their visit the storm door was locked and the front door was open. While watching television in the living room, the children saw Bates in a tan T-shirt and dark shorts going up and down the steps of the duplex several times with his bike. The Mitchells left

---

[1] The crimes occurred on August 21, 2006, and the Fulton County grand jury indicted Bates on November 21, 2006. On September 5, 2008, the jury found Bates guilty of malice murder, felony murder, armed robbery, aggravated assault with a deadly weapon, and possession of a knife during the commission of a felony; Bates was found not guilty of burglary. The trial court sentenced Bates as a recidivist to life imprisonment without parole on the malice murder and armed robbery counts and a five-year term of imprisonment on the possession count, with all sentences to run consecutively; the felony murder and aggravated assault counts merged or were vacated by operation of law. Bates filed a motion for new trial on September 8, 2008 and amended the motion on January 8, 2011; June 6, 2011; and January 30, 2012. The trial court denied the motion on February 24, 2012, and Bates filed a notice of appeal on March 12, 2012. The case was docketed to the Court's April 2013 term of court and submitted for decision on the briefs.

around 12:15 to 12:30 p.m. At approximately 2:20 p.m., Lytle called her mother and, when there was no answer, went to Ransom's apartment, arriving around 3:00 p.m. Lytle received no response when she knocked on the front door. She found the storm door unlocked, the front door locked from the inside with a deadbolt lock, and the back door open, all of which were unusual. Entering the apartment from the back, Lytle discovered her mother lying on the floor covered with blood and called 911.

Police found a knife handle approximately a foot from Ransom's feet and a knife blade lying on her shirt beside her neck. She had been stabbed more than ten times in the chest and struck on the head with a blunt object. There were no signs of a forced entry or struggle in the apartment. Ransom's purse, which was located in her bedroom, had no cash in it.

Bates's girlfriend, Avis Astin, testified that she told Bates on the morning of Ransom's death that she was breaking up with him because he never had any money and could not take care of her. She went to a friend's house down the street where Bates came and tried to get her to go back to his apartment to talk. Approximately three hours later, Bates returned to the friend's house a second time. He had changed clothes and displayed "a wad of cash." Astin followed Bates to his apartment "to get some money." When Ransom's body was discovered a few minutes later, Bates left on his bicycle to go to the Dollar General store. At trial, Astin identified the knife handle and blade found near the victim's body as the steak knife with a loosened handle that she had used in cooking at Bates's apartment.

Although Bates told police that he wore the same clothes all day on the day Ransom was killed, videotapes showed that he was wearing a tan shirt and black shorts when he visited the Texaco gas station around noon and a red shirt and green camouflage shorts when he made purchases with a $50 bill at the Dollar General store in the afternoon. While in jail, Bates told another prisoner that he had gone next door to get money from Ransom, lost his temper when she said she did not have any money, and stabbed her and "just kept stabbing her." The State introduced evidence of a similar transaction from 1991 in which Bates had helped a 78-year-old man cut his grass and then pulled a knife on him and demanded money, stabbing him later when the cash ran out.

Despite this evidence, Bates contends that it was insufficient to support the murder convictions because there was no fingerprint, fiber, DNA, or other forensic evidence linking him directly to the crime. To warrant a conviction on circumstantial evidence, the evidence must exclude every other reasonable hypothesis save that of the guilt of the accused. OCGA § 24-4-6 (now codified at OCGA § 24-14-6

in the new Evidence Code). Whether a defendant is guilty based solely on circumstantial evidence is a question for the jury. See *Lindsey v. State*, 271 Ga. 657 (1) (522 SE2d 459) (1999). In this case, the fingerprint expert found no fingerprints on the handle of the murder weapon and either no fingerprints, fingerprints of no value, or the victim's fingerprints on other items tested. Concerning the absence of DNA evidence, the forensic biology expert testified that washing hands and cleaning with bleach destroys any DNA. In searching Bates's apartment, police found a bucket full of bleach water on his kitchen floor with a bottle of Clorox bleach nearby. Bates's girlfriend testified that the kitchen was messy that afternoon with items around the sink moved out of place and the bleach bottle on the floor was unusual because she did most of the washing and cleaning in the apartment. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Bates guilty beyond a reasonable doubt of the murder of which he was convicted. See *Jackson v. Virginia*, 443 U. S. at 319; see also *Murray v. State*, 271 Ga. 504 (1) (521 SE2d 564) (1999) (jury authorized to find that the evidence was sufficient to exclude every reasonable hypothesis save that of guilt).

2. Bates next alleges that the evidence was insufficient to support his conviction for armed robbery because the State failed to present evidence on the "manner and means" by which Ransom's money was taken. Under Georgia law, "[a] person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon." OCGA § 16-8-41 (a). To convict a defendant of armed robbery, the State must prove beyond a reasonable doubt that the defendant's use of the weapon occurred prior to or contemporaneously with the taking. See *Fox v. State*, 289 Ga. 34 (1) (b) (709 SE2d 202) (2011); see also *Hester v. State*, 282 Ga. 239, 240 (2) (647 SE2d 60) (2007) (" 'It is well-settled that a defendant commits a robbery if he kills the victim first and then takes the victim's property' ") (citation omitted).

Contrary to Bates's contention, the State presented evidence that Bates used force against Ransom before taking her money. According to the jailhouse informant's testimony, Bates said he went to Ransom's apartment to get some money, thought Ransom was lying when she said she did not have any, and lost his temper and stabbed her when she resisted. Here the evidence was sufficient to authorize the jury to find that the theft was completed after Bates stabbed Ransom with a knife. Construing the evidence most strongly in favor of the prosecution, we conclude that a rational trier of fact

could have found Bates guilty of armed robbery beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. at 319; *Francis v. State*, 266 Ga. 69 (1) (463 SE2d 859) (1995) (conviction for armed robbery authorized when theft was completed after force was used against the victim regardless of whether the victim was dead).

3. The remaining enumeration alleges that the evidence is insufficient to support a conviction for burglary. Because the jury acquitted Bates of burglary, this issue is moot.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 21, 2013.

▬▬▬▬▬▬▬▬▬

*Dell Jackson*, for appellant.

*Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Arthur C. Walton, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.