**FIFTH DIVISION**
**PHIPPS, P. J.,**
**DILLARD and PETERSON, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 29, 2016**

# In the Court of Appeals of Georgia

A16A0110. JOHNSON v. THE STATE.

PHIPPS, Presiding Judge.

Joe Johnson appeals his convictions for felony fleeing or attempting to elude a police officer[1] and leaving the scene of an accident,[2] arising from an offense that took place on October 22, 2011.[3] He contends that the evidence was insufficient, that the trial court plainly erred in instructing the jury on felony fleeing or attempting to elude a police officer, and that his trial counsel was ineffective in failing to object to

---

[1] OCGA § 40-6-395 (b) (5) (A). As we discuss in Division 1 (a), infra, we review Johnson's case under the prior version of the statute in effect at the time of the offense. See Ga. L. 2010, p. 256, § 2, effective July 1, 2010.

[2] OCGA § 40-6-270 (a).

[3] Johnson does not challenge his conviction for reckless driving under OCGA § 40-6-390.

the jury charge. We find the evidence sufficient to support the guilty verdict as to fleeing or attempting to elude a police officer and leaving the scene of an accident; however, because there was insufficient evidence showing that Johnson was attempting to escape arrest for a non-traffic offense, we vacate Johnson's felony fleeing or attempting to elude sentence and remand the case with direction that a conviction and sentence be entered for a misdemeanor offense of fleeing or attempting to elude a police officer.

1. Johnson complains that the evidence was insufficient to authorize his convictions for felony fleeing and leaving the scene of an accident because neither the accident victim nor the officer identified in the indictment was able to identify him and there was no evidence that Johnson fled police to escape arrest for any offense.

"When a defendant challenges the sufficiency of the evidence supporting his criminal conviction, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[4] "To warrant a

---

[4] *Odle v. State*, 331 Ga. App. 146, 147 (1) (770 SE2d 256) (2015) (footnote omitted). See also *Jackson v. Virginia*, 443 U.S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979).

conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."[5] Evidence of a defendant's conduct before and after the crime may give rise to an inference that he participated in the crime.[6] Whether a defendant is guilty based solely on circumstantial evidence is a question for the factfinder.[7]

So viewed, the evidence showed that two uniformed DeKalb County police officers (Deputy Rhone and Detective Watts) were patrolling an area of Flat Shoals Road in DeKalb County in a marked police vehicle at around 7:00 p.m. on October 21, 2011. The officers approached a Food Mart convenience store, in a parking lot that generated regular complaints to the police of loitering and drug activity. The officers noticed a gold or champagne Chevrolet Cavalier backed into a parking space in front of an abandoned building in the parking lot. A man sat in the driver's seat with the window rolled down, and several other men stood nearby with open containers of alcohol.

---

[5] OCGA § 24-14-6.

[6] *McNeely v. State*, 296 Ga. 422, 424 (1) (768 SE2d 751) (2015).

[7] *Bates v. State*, 293 Ga. 855, 856 (1) (750 SE2d 323) (2013).

3

When the officers pulled in, the driver of the Cavalier started to slowly drive away. Deputy Rhone got out of the patrol car and approached the vehicle, gesturing for the driver to stop the car. Rhone testified that he repeatedly instructed the driver to stop the car. Instead, the driver, whom Rhone recognized as Johnson, looked directly at Rhone through the open window as he drove slowly by him. Rhone testified that it was not yet dark, he got a good look at the driver and he was "sure" it was Johnson, having seen him around the neighborhood and at the Food Mart during the previous month. Detective Watts testified that Rhone was "pretty close" to the driver and the open car window. After ignoring Rhone's orders to stop, Johnson "punched it" and "zoomed out" of the parking lot and onto Flat Shoals Road, in excess of the speed limit.

As Johnson was leaving the Food Mart parking lot, Officer Tillery, uniformed and riding in a separate marked patrol car with another officer, pulled into the lot. At the request of Rhone and Watts, Tillery turned around and followed the Cavalier, which he described as dark beige in color, out of the parking lot. Tillery activated his patrol car's lights and siren in an attempt to get the Cavalier to stop. Tillery observed the car driving erratically and at a high rate of speed, "so wildly that it went through

4

the yards in between two residences." At that point, Tillery and his partner lost sight of the Cavalier.

Meanwhile, a woman was driving at the speed limit on the same section of Flat Shoals Road when she saw a gold or champagne-colored Chevrolet Cavalier zooming past her so fast that it seemed her car was standing still. The Cavalier circled through a subdivision, ran a stop sign, and then struck the woman's vehicle from the rear. The Cavalier did not slow down or stop and, still speeding, crossed the center line into oncoming traffic.

As Officer Tillery pulled out of the subdivision where he had lost sight of the Cavalier, he saw the victim of the collision in her damaged vehicle. According to the woman, Tillery pulled up "right after" the accident happened, before she had a chance to call for police assistance. Tillery observed the damage to her rear bumper, and his partner took her statement. Then, within 20 or 30 minutes of Tillery's initial contact with the Cavalier, he received a call about an abandoned car approximately a mile from the Food Mart. He responded to the call and recognized the abandoned vehicle as the Cavalier he had been chasing.

The Cavalier was in a drainage ditch and had no damage to the ignition or steering column, indicating to the officers that a key had been used to drive the vehicle. The officers found traffic citations in the Cavalier containing Johnson's name, date of birth, and driver's license number, and the tag was registered to Johnson. The following morning, after Johnson reported his car stolen, officers arrested him at the tag's registration address, one block away from the Food Mart.

An alibi witness testified that Johnson had been with her and her fiancé at her apartment from approximately 4:00 p.m. until 9:00 p.m. on the evening in question, smoking crack cocaine, drinking vodka and beer, and playing cards. The witness added that two drug dealers, named Keon and "Big Rob," came in and out during the evening and that Johnson discovered his car had been stolen when he got ready to leave.

(a) We agree with Johnson's argument that the evidence was insufficient to convict him of felony, rather than misdemeanor, fleeing or attempting to elude. The indictment charged Johnson with the felony offense of fleeing or attempting to elude a police officer, in that he:

> on or about the 22nd day of October 2011, being the driver of a vehicle,
> did willfully fail to bring his vehicle to a stop after having been given an

6

audible signal to bring his vehicle to a stop by Officer J. Tillery, an officer who at the time of giving such signal was in a uniform prominently displaying the officer's badge of police and the officer's vehicle was appropriately marked showing it to be an official police vehicle, and while fleeing and attempting to elude said officer, did collide with another vehicle.

Felony fleeing or attempting to elude a police officer is defined in OCGA § 40-6-395 (a) and (b) (5) (A). Pursuant to OCGA § 40-6-395 (a), a driver commits the offense of fleeing or attempting to elude a police officer when he willfully fails or refuses to bring his vehicle to a stop or otherwise attempts to elude a pursuing police vehicle when given a visual or audible signal to bring the vehicle to a stop.[8] Under the version of OCGA § 40-6-395 (b) (5) (A) in effect at the time of Johnson's trial:

Any person violating the provisions of subsection (a) of this Code section who, while fleeing or attempting to elude a pursuing police vehicle or police officer *in an attempt to escape arrest for any offense other than a [traffic offense]*: . . . (ii) [s]trikes or collides with another vehicle or a pedestrian . . . shall be guilty of a felony.[9]

---

[8] OCGA § 40-6-395 was amended effective July 1, 2012. See Ga. L. 2012, p. 729, § 1. We review Johnson's case under the prior version of the statute in effect at the time of the offense. See Ga. L. 2010, p. 256, § 2, effective July 1, 2010.

[9] Ga. L. 2010, p. 256, § 2 (emphasis added). See also *Hicks v. State*, 321 Ga. App. 773, 774 (1) (743 SE2d 458) (2013).

The factfinder may consider the surrounding circumstances to determine whether the defendant acted with the requisite intent.[10]

Prior to the collision, Deputy Rhone clearly identified Johnson at the Food Mart. He testified that Officer Tillery followed Johnson out of the parking lot when Johnson refused to stop. Tillery activated his lights and siren but lost sight of the speeding Cavalier moments before a Chevy Cavalier of the same color struck another vehicle just ahead. Although Tillery was unable to identify the driver of the Cavalier he was following, the circumstantial evidence presented was sufficient for a rational jury to find beyond a reasonable doubt the essential elements of fleeing or attempting to elude a police officer and to exclude every other reasonable hypothesis.[11]

However, the indictment did not allege, and no evidence was presented at trial, that Johnson was attempting to elude arrest for a non-traffic violation when he struck

---

[10] *Fairwell v. State*, 311 Ga. App. 834, 836 (1) (a) (717 SE2d 332) (2011).

[11] See *Minor v. State*, 328 Ga. App. 128, 130-131 (1) (761 SE2d 538) (2014) ("[A]lthough neither victim could identify [the defendant] as a perpetrator of the crimes, circumstantial evidence of identity may be sufficient to enable a rational trier of fact to find a defendant guilty beyond a reasonable doubt."). See also *Payne v. State*, 206 Ga. App. 189, 190 (1) (424 SE2d 868) (1992) (finding evidence sufficient to support conviction for fleeing and attempting to elude a police officer, despite alleged inconsistencies in the evidence as to the identity of the defendant as the driver of a stolen car).

8

the other vehicle. Under the version of OCGA § 40-6-395 in effect at the time of the offense,[12] in order for his crime to constitute a felony, Johnson must have been attempting to escape arrest for an offense other than a traffic offense.[13] Thus, we must vacate Johnson's felony sentence. Because the evidence does support a misdemeanor conviction, we remand the case with direction that a conviction and sentence be entered for the misdemeanor offense of fleeing or attempting to elude a police officer.[14]

(b) The evidence was sufficient to support Johnson's conviction for leaving the scene of an accident which caused damage to the victim's vehicle, as he did not stop at the scene and provide his name and registration information, as required by OCGA § 40-6-270 (a).[15]

---

[12] Ga. L. 2010, p. 256, § 2.

[13] See *Adams v. State*, 293 Ga. App. 377, 380-381 (2) (667 SE2d 186) (2008) (evidence sufficient to support felony conviction based on aggravated assault where the defendant continued to flee after driving toward and nearly striking sheriff's deputy with his vehicle).

[14] See *Hicks*, supra at 775 (1).

[15] See *Fairwell*, supra at 837 (1) (c) (damage to attended vehicle and circumstances surrounding how the damage occurred were sufficient for a jury to find the defendant knew she had struck and caused damage to the vehicle).

2. As a result of our determination in Division 1 (a), supra, we need not address Johnson's arguments that the trial court plainly erred in instructing the jury on felony fleeing or attempting to elude a police officer and that trial counsel was ineffective for failing to object to the jury charge as to that count.

*Judgment affirmed in part and vacated in part, and case remanded with direction. Dillard and Peterson, JJ., concur.*