**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).**

**May 28, 2020**

# In the Court of Appeals of Georgia

A20A0293. ALEXANDER v. THE STATE.

DILLARD, Presiding Judge.

Following trial by jury, Trivynski Alexander was convicted of felony fleeing and driving with a suspended license. On appeal, Alexander argues that (1) the evidence was insufficient to sustain his conviction for felony fleeing, and (2) the trial court erred by not granting a new trial using its discretion as the thirteenth juror. For the reasons set forth *infra*, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the record shows that, on the day in question, Alexander and the mother of his child, V. S., had a dispute at a Jefferson County convenience store. The altercation was witnessed by the store clerk, who was acquainted with V. S., and the clerk asked Alexander to leave the

---

[1] *See, e.g.*, *Fields v. State*, 285 Ga. App. 345, 345 (646 SE2d 326) (2007).

premises. V. S. remained in the store to speak with the clerk about the incident, and when she exited the store, the clerk saw Alexander pull V. S. into a car and heard her yell for help. Alexander then "sped off very dangerously" with V. S. in the vehicle.

During the commotion, a local law-enforcement officer noticed a disturbance at the convenience store from across the street. He then saw a car leave the parking lot of the store at a high rate of speed, at which point he immediately began to pursue the vehicle. And while following the vehicle, the officer observed the car traveling at 70 miles per hour in a 30 mile per hour residential zone. The officer then activated his blue lights after the car drove through a stop sign, at which point the vehicle further accelerated and sped through yet another stop sign. The car then went airborne at a large curve, landing in a deep ravine. A dashcam video, which was played at trial, caught footage of the brief chase and of V. S. emerging from the ravine, saying, "He tried to kill us, he said he was going to kill us both."

V. S. provided a written statement and informed police that Alexander forced her into the vehicle before speeding out of the parking lot of the convenience store. He then threatened to kill them both after the officer's blue lights activated, seconds before they crashed into the ravine. Later, at trial, V. S. reluctantly identified Alexander as the driver of the car, and the jury heard two recorded jail calls, in which

Alexander threatened V. S. if she testified against him. V. S. also admitted that she attempted to refuse service and pleaded with the district attorney to dismiss the case. Additionally, the jury heard testimony regarding prior difficulties between Alexander and V. S. And ultimately, Alexander was convicted of felony fleeing and driving with a suspended license. He then filed a motion for new trial, which the trial court denied. This appeal follows.

1. Alexander claims that the evidence was insufficient to sustain his conviction for felony fleeing. We disagree.

When a criminal conviction is appealed, the evidence must be viewed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence.[2] And in evaluating the sufficiency of the evidence, we do not "weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt."[3] The verdict will be upheld, then, so long as "there is some

---

[2] *See English v. State*, 301 Ga. App. 842, 842 (689 SE2d 130) (2010) (noting that following conviction, an appellant no longer enjoys a presumption of innocence).

[3] *Jones v. State*, 318 Ga. App. 26, 29 (1) (733 SE2d 72) (2012) (punctuation omitted); *see also Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (noting the relevant question is after viewing the evidence in the light most favorable to the prosecution, could any rational jury found the essential

competent evidence, even though contradicted, to support each fact necessary to make out the State's case."[4] With these guiding principles in mind, we turn to Alexander's claim of error.

Our analysis begins with the text of OCGA § 40-6-395 (a), which provides that

> [i]t shall be unlawful for any driver of a vehicle willfully to fail or refuse to bring his or her vehicle to a stop or otherwise to flee or attempt to elude a pursuing police vehicle or police officer when given a visual or an audible signal to bring the vehicle to a stop. The signal given by the police officer may be by hand, voice, emergency light, or siren. The officer giving such signal shall be in uniform prominently displaying his or her badge of office, and his or her vehicle shall be appropriately marked showing it to be an official police vehicle.

This offense is then elevated from a misdemeanor to a felony when a person, in addition to the foregoing,

> (i) Operates his or her vehicle in excess of 20 miles an hour above the posted speed limit;

> (ii) Strikes or collides with another vehicle or a pedestrian;

---

elements of the crime beyond a reasonable doubt).

[4] *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001) (punctuation omitted); *accord Westbrooks v. State*, 309 Ga. App. 398, 399-400 (1) (710 SE2d 594) (2011).

(iii) Flees in traffic conditions which place the general public at risk of receiving serious injuries;

(iv) Commits a violation of paragraph (5) of subsection (a) of Code Section 40-6-391; or

(v) Leaves the state[.][5]

And here, Alexander was indicted for felony fleeing in that he

willfully refuse[d] to bring his vehicle to a stop while fleeing a pursuing police vehicle operated by [an officer], said police vehicle being prominently marked and giving a visual signal, and the accused did drive at excessive speeds and did *make dangerous maneuvers on residential roadways, which placed the general public at risk of receiving serious injuries*[.][6]

Nevertheless, Alexander contends that he is, at most, guilty of misdemeanor fleeing because the State failed to prove that his maneuvers placed the general public at risk of receiving serious injury when there was no evidence that he was near any other motorist or person during the incident. But the jury heard testimony of the responding officer, who described how Alexander drove approximately 70 miles per

---

[5] OCGA § 40-6-395 (5) (A) (i)-(v).

[6] (Emphasis supplied).

hour in a 30 mile per hour zone, ignored stop signs, and eventually landed in a ravine.[7] Further, the officer testified to passing at least one car on the road while attempting to catch up to Alexander's vehicle.[8] Additionally, the jury was presented with the video from the officer's dashcam, which showed the car the officer passed while trying to catch up to Alexander's vehicle and that the chase occurred in a residential area. Thus, the jury members could decide for themselves whether Alexander drove in "traffic conditions which place the general public at risk of receiving serious injuries."[9] Accordingly, this enumeration of error is without merit.

---

[7] *See Hinton v. State*, 297 Ga. App. 565, 566 (1) (b) (677 SE2d 725) (2009) (affirming felony fleeing conviction when evidence showed that defendant "reached speeds in excess of 100 mph in a residential area" and "ran a stop sign and then jumped from the car while it was still in motion" before "the car struck a police cruiser, rolled across the roadway, and ran into a fence"). *Cf. Hicks v. State*, 321 Ga. App. 773, 774-75 (1) (743 SE2d 458) (2013) (reversing conviction for felony fleeing when the "transcript contains no testimony related to risk to the general public, and the video of the chase, as recorded by the camera mounted on the police cruiser, shows empty roadways containing no other vehicles or pedestrians during the pendency of the pursuit").

[8] *Cf. Cochran v. State*, 288 Ga. App. 538, 540-41 (2) (654 SE2d 458) (2007) (holding that evidence was insufficient to support conviction for felony fleeing when the "State offered no evidence at trial of any traffic conditions and no evidence of any cars or pedestrians that may have been at risk due to [the defendant's] driving while he was fleeing from the officer").

[9] *See Hinton*, 297 Ga. App. at 566-67 (1) (b) ("[T]he videotape from the pursuing police cruiser was played for the jury. The jury thus was able to view both

6

2. Alexander also asserts that the trial court erred by not granting a new trial based on its discretion as the thirteenth juror. Again, we disagree.

For starters, Alexander waived this enumeration of error by failing to provide a citation to anything other than the most basic authority or any semblance of an argument. Indeed, Alexander's "argument" consists of one case citation preceded by the following sentence: "For the same reasons and law given under section 1 above, this Court should reverse the trial court under this enumeration of error." Suffice it to say, this is hardly the type of meaningful argument contemplated by our rules.[10] But even if we were inclined to consider the merits of this contention, Alexander is unable to establish reversible error.

On a motion for new trial, even if the evidence is legally sufficient to sustain a conviction, the trial court may order a new trial as the thirteenth juror only if the "verdict of a jury is found contrary to evidence and the principles of justice and

_____

[the defendant's] driving and the traffic conditions at first hand and determine that evidence whether [the defendant] fled 'in traffic conditions which placed the general public at risk of receiving serious injuries.'" (punctuation omitted)).

[10] *See, e.g.*, *Guilford v. Marriott Int'l, Inc.*, 296 Ga. App. 503, 505 (675 SE2d 247) (2009) (deeming a claim of error abandoned when it was simply an assertion of error followed by a single case citation).

equity"[11] *or* if the verdict is "decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding."[12] Importantly, OCGA §§ 5-5-20 and 5-5-21 afford the trial court "broad discretion to sit as a 'thirteenth juror' and weigh the evidence on a motion for new trial alleging these general grounds."[13] And in exercising discretion as the "thirteenth juror," the trial court must consider some of the things it cannot when "assessing the legal sufficiency of the evidence, including any conflicts in the evidence, the credibility of witnesses, and the weight of the evidence."[14] Even so, the trial court's discretion to grant a new trial under these circumstances "should be exercised with caution and invoked only in exceptional cases in which the evidence preponderates heavily against the verdict."[15] Furthermore, we presume, in the absence of affirmative evidence to the contrary, that the trial court "properly exercised its discretion [under]

---

[11] OCGA § 5-5-20.

[12] OCGA § 5-5-21.

[13] *Holmes v. State*, 306 Ga. 524, 527 (2) (832 SE2d 392) (2019) (punctuation omitted); *accord Walker v. State*, 292 Ga. 262, 264 (2) (737 SE2d 311) (2013).

[14] *Wiggins v. State*, 330 Ga. App. 205, 210 (c) (767 SE2d 798) (punctuation omitted); *accord White v. State*, 293 Ga. 523, 524 (2) (753 SE2d 115) (2013).

[15] *Wiggins*, 330 Ga. App. at 210 (c) (punctuation omitted); *accord White*, 293 Ga. at 524-25 (2).

OCGA §§ 5-5-20 and 5-5-21."[16] Nevertheless, when the record reflects that the trial court reviewed the motion for new trial "*only* for legal sufficiency of the evidence, the trial court has failed to exercise such discretion."[17]

In this matter, Alexander explicitly argued in his motion for new trial that the jury's verdict was contrary to the principles of justice and equity and was strongly against the weight of the evidence. As a result, the trial court had "an *affirmative* duty to exercise its discretion and weigh the evidence to determine whether a new trial as to his convictions . . . was warranted."[18] And while the trial court repeatedly mentions the sufficiency of the evidence for the jury to convict beyond a reasonable doubt, it also appears to have exercised its independent discretion to weigh the evidence in

---

[16] *Holmes*, 306 Ga. at 528 (2) (punctuation omitted).

[17] *Id.* (emphasis added); *see White*, 293 Ga. at 525 (2) ("Nothing in the order of the trial court indicates to us that the trial court performed its 'duty to exercise its discretion and weigh the evidence' in its consideration of the general grounds.").

[18] *Brockman v. State*, 292 Ga. 707, 713 (4) (739 SE2d 332) (2013) (punctuation omitted) (emphasis supplied); *see Lavertu v. State*, 325 Ga. App. 709, 711 (1) (754 SE2d 663) (2014) (holding that "the law imposes upon the trial court an affirmative duty to exercise its discretion and weigh the evidence to determine whether a new trial is warranted"); *Hartley v. State*, 299 Ga. App. 534, 540 (3) (683 SE2d 109) (2009) (same).

consideration of the general grounds.[19] Indeed, the trial court's order references the general grounds and indicates that it considered or reweighed the evidence presented at trial, thus suggesting that the court exercised its discretion under OCGA §§ 5-5-20 and 5-5-21.[20]

For all these reasons, we affirm Alexander's convictions.

*Judgment affirmed. Rickman and Brown, JJ., concur.*

---

[19] *Cf. Whitmire v. State*, 343 Ga. App. 282, 287-88 (2) (807 SE2d 46) (2017) ("A trial court does not 'fulfill its duty to exercise its discretion when it applies the standard of review set out in *Jackson v. Virginia* to the statutory grounds for a new trial.'"); *Atkins v. State*, 342 Ga. App. 849, 852 (2) (805 SE2d 612) (2017) ("The trial court denied the motion and in reaching its conclusion, acknowledged that [the defendant] sought a new trial based on general grounds. However, the trial court applied the sufficiency of the evidence standard outlined in *Jackson v. Virginia*, to deny her motion. This was in error because the standard of review for motions brought under OCGA §§ 5-5-20 and 5-5-21 goes to the weight, not the sufficiency, of the evidence presented. Nothing in the order suggests that the trial court performed its duty to exercise its discretion and weigh the evidence in its consideration of the general grounds for the motion." (punctuation & footnote omitted)); *White*, 293 Ga. at 525 (2) ("Nothing in the order of the trial court indicates to us that the trial court performed its duty to exercise its discretion and weigh the evidence in its consideration of the general grounds. Instead, its repeated statements that the evidence is sufficient to sustain the verdict denotes that the trial court failed to apply its discretion, as the determination if there is sufficient evidence to support the verdict is a matter of law, not discretion." (citation & punctuation omitted)).

[20] *Cf. Holmes*, 306 Ga. at 528 (2) (vacating and remanding when "[t]he order made no reference to the general grounds, gave no indication that the trial court had considered or reweighed the evidence presented at trial, and did not suggest that the trial court had exercised its discretion pursuant to OCGA §§ 5-5-20 and 5-5-21").